449 So.2d 37 (1984)
STATE of Louisiana
v.
Jonathan Q. BETHLY.
No. 83 KA 0844.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Rehearing Denied April 3, 1984.
*38 Ossie Brown, Dist. Atty. by Luke Lavergne, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Bryan E. Bush, Jr., Baton Rouge, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Jonathan Q. Bethly, convicted of aggravated battery and sentenced to five years imprisonment at hard labor, appeals his sentence. We affirm.
On appeal, Bethly assigns four specifications of error:
1. that the sentence of five years imprisonment at hard labor was excessive;
2. that the trial judge failed to comply with the mandatory requirements of LSA-C.Cr.P. Art. 894.1 by not stating the considerations and factual bases for his sentence;
3. that in imposing sentence, the trial court failed to take certain mitigating factors into consideration; and
4. that the sentence imposed was based on activity other than that for which the defendant was convicted.
A careful review of the record reveals that on the night of January 9, 1982, thirty to forty persons gathered at a party in the City of Baton Rouge. Hostility between certain groups arose based upon each group's varying geographical origin within the City of Baton Rouge. The party began to break up.
As the party was breaking up, Bethly armed himself with a butcher knife from the host's kitchen and stepped outside the house. One Robert Wade, whose real name was Robert Williams walked past Bethly and toward a group standing in the street, evidently hostile to Bethly and his group. Bethly ran toward the hostile group slashing with the butcher knife. Robert Wade was killed but no clear evidence emerged as to the identity of his murderer.
After charging into the rival group in the street, Bethly turned back toward the house. Approaching the house, he passed one Liney Harris, Jr., who had been armed with a gun earlier in the evening, but who was, at this time, unarmed. Bethly demanded of Harris, "Were you with them (the group in the street)?" Harris replied negatively whereupon, without provocation, Bethly stabbed Harris twice, once in the head, and, when Harris raised his arm to avoid being stabbed in the head a second time, once in the arm. Law enforcement officers arrived shortly thereafter.
Bethly was charged with the second degree murder of Robert Wade and the attempted second degree murder of Liney Harris, Jr., LSA-R.S. 14:30.1 and 14:27. The trial court found Bethly not guilty of the second degree murder of Robert Wade but guilty of the lesser and included offense of aggravated battery upon the person of Liney Harris, Jr. LSA-R.S. 14:5 and 14:34; LSA-C.Cr.P. Art. 814.

I. EXCESSIVENESS OF SENTENCE
LSA-R.S. 14:34 mandates in pertinent part that:
"Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both."
Bethly was sentenced to five years at hard labor and was not fined at all.
*39 State v. Lanclos, 419 So.2d 475 (La. 1982), held that a trial judge is given wide discretion in the imposition of sentence within statutory limits and that, absent a manifest abuse of that discretion, the sentence imposed by a trial judge should not be set aside as excessive. This court has stated that
"a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering.... A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice." State v. Lewis, 430 So.2d 1286, 1288 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (1983). (Citations omitted.)
Bethly was convicted of aggravated battery for arming himself with a butcher knife and for, without provocation, stabbing Liney Harris, Jr., once in the head and, perhaps fortuitously or the sentence might have been for murder, once in the arm. Bethly's sentence, for only half the maximum term possible and for no fine, was neither excessive nor disproportionate. We do not resentence those convicted, we merely review their sentence. Based on all the facts, we cannot say that our sense of justice is shocked or that the trial judge in any way exceeded the wide sentencing discretion entrusted to him.

II. FAILURE TO COMPLY WITH LSA-C.CR.P. ART. 894.1
LSA-C.Cr.P. Art. 894.1 provides:
"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
Bethly urges that he should not have been sentenced to prison at all and that, *40 regardless, the trial judge failed to consider various of the mitigating factors listed in Art. 894.1.
A review of the sentencing hearing clearly shows that the trial judge noted numerous factors listed in Art. 894.1. Specifically, the trial judge noted that Liney Harris, Jr., was not seriously harmed but might well have been, that Bethly was unprovoked by Harris, that Bethly was a first offender, and that while imprisonment would be hard on Bethly and his parents, he had no wife and/or dependents. Thus, factors 1, 3, 5, 7 and 11 of Art. 894.1, subd. B were specifically addressed and it might well be argued that factors 2 and 4 were also considered, although no factors were identified by number.
In State v. Grey, 408 So.2d 1239 (La. 1982), the Louisiana Supreme Court stated:
"The trial judge need not articulate every aggravating and mitigating circumstance; however, the record must reflect that he adequately considered the guidelines enumerated in C.Cr.P. 894.1." 408 So.2d at 1243.
Essentially, Bethly objects to the fact that the trial judge carefully weighed many factors and then decided to sentence him to prison. We cannot say that the trial judge failed to contemplate adequately the factors set forth in Art. 894.1.

III. MITIGATING FACTORS
Bethly argues that, in sentencing him to prison, the trial judge failed to take certain mitigating factors into consideration, including those factors enumerated in LSA-C.Cr.P. Art. 905.5.
Aside from observing that the factors listed in LSA-C.Cr.P. Art. 905.5 apply only to capital cases, it is obvious that, as discussed in the treatment of assignment of error number II, the trial judge considered all factors at length before sentencing Bethly to prison. Certain factors weighed in favor of probation, certain in favor of prison. A reading of the sentencing transcript shows the court to be most concerned and determined to make the right decision. Again, noting that we do not retry cases but merely review them, we cannot say the trial judge exceeded his wide discretion by sentencing appellant to prison.

IV. SENTENCE FOR OTHER ACTS
Bethly urges that he was sentenced to prison not for aggravated battery but for the killing of Robert Wade, for which offense he was charged but found not guilty. We disagree.
Bethly was originally charged with one count of second degree murder and one count of attempted second degree murder. Evidence on both charges was taken in a combined hearing and Bethly was then found guilty only of the lesser and included offense of aggravated battery. He was found not guilty of second degree murder. At the sentencing hearing, the trial judge commented on the fact that, but for what amounted to, in his opinion, prosecutorial bungling, Bethly would be standing for sentencing on a murder rather than an aggravated battery conviction. The court then proceeded to discuss the various Art. 894.1 factors and the pre-sentence report.
While the trial court did indeed comment on the facts and charge for which he found Bethly not guilty, such does not constitute reversible error. It would be pure speculation to suggest, particularly in view of the trial court's review of the many 894.1 factors, that Bethly was sentenced for other than the offense for which he was convicted.
State v. Washington, 414 So.2d 313 (La. 1982), noted that the sources of information from which a sentencing court might draw are extensive, are not limited to convictions, and are not circumscribed by traditional rules of evidence. In the present case, it was quite reasonable for the trial judge to comment on and consider Bethly's knife-brandishing foray into the group standing in the street. While alone not determinative, such an act, taken together with the enumerated factors of Art. 894.1, certainly is relevant and, under State v. *41 Washington, supra, may be considered in sentencing.
Finally, we again note that Bethly was only sentenced to five years in prison. Had he been found guilty of second degree murder, he would have been sentenced to life imprisonment. LSA-R.S. 14:30.1. Clearly, appellant was sentenced for the crime he committed and not some other.
For the foregoing reasons, the sentence appealed from is affirmed.
AFFIRMED.