PER CURIAM.
Defendant, Mark Waller, age 24, appeals his sentence following his conviction by a jury of distribution of marijuana. The defendant contends that because his sentence was at least partly based upon the pre-sen-tence investigation report that the sentence was thus based upon inadmissible hearsay. Finding no error in the trial court’s use of the pre-sentence investigation report, defendant’s sentence is affirmed.
The basis of defendant’s conviction was a sale to an undercover narcotics agent. The trial court ordered a pre-sentence investigation report. The report indicated that, while defendant was a first felony offender, he was suspected of being involved in long-term drug dealing. The report also noted mitigating factors such as defendant’s two minor children who were dependent upon the defendant for support. After weighing these factors, the trial court sentenced defendant to three years at hard labor out of a possible ten years, and fined defendant $2,500 out of a possible $5,000 fine. The fine was suspended upon payment of costs.
Following the trial court’s pronouncement, counsel for defendant objected to the use of the pre-sentence investigation report as hearsay and objected to the excessiveness of the sentence. The defendant originally assigned two errors based on those objections. The first, excessiveness of sentence, was neither briefed nor argued and is thus considered abandoned. State v. Foy, 439 So.2d 433 (La.1983).
Defendant’s second assignment of error argues that the court's consideration of the hearsay material in the pre-sentence investigation report is a denial of the right of confrontation guaranteed by the United States Constitution and the Constitution of the State of Louisiana. The defendant asserts no error in the pre-sentence investigation report and does not allege denial of the right to traverse any erroneous information.
Appellant cites United States v. Fatico, 579 F.2d 707 (2d Cir.1978), and Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), for the proposition that sentencing procedures in criminal cases must satisfy due process. Neither of these cases, however, prohibit the use of pre-sen-tence investigations. Creation and use of pre-sentence investigation reports are controlled by LSA-R.S. 15:1132 and LSA-C. Cr.P. Art. 875. Hearsay, by necessity, is inherent in the concept of a pre-sentence investigation. As the Louisiana jurisprudence makes clear, sentencing procedures must meet due process requirements. These requirements are met by permitting a defendant an opportunity to rebut or explain prejudicial or erroneous information included in a pre-sentence investigation report. State v. Parish, 429 So.2d 442 (La.1983). Again, defendant asserts nei *303 ther the denial of the right to traverse or even an error in the report. His claim of error is without merit. Accordingly, defendant’s sentence is affirmed.
AFFIRMED.