LABORDE, Judge.
Defendant, Patrick John Hammond, was charged with committing the crime of cruelty to a juvenile, a violation of LSA-R.S. 14:93. On February 23, 1987, defendant pled guilty as charged. The trial court sentenced defendant to serve five (5) years at hard labor on June 16, 1987. From that sentence, defendant appeals urging three (3) assignments of error. Finding no errors, we affirm.
FACTS
Defendant, by the count of the examining physician, punctured an eight month old baby girl’s skin over two hundred (200) *1259 times with a safety pin. For this act he was arrested and pled guilty to cruelty to a juvenile.
ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the pre-sen-tence investigation report, which was used in sentencing him, contained errors which he should have been allowed to refute. Specifically, defendant points to a passage in the report which reads, “Mr. Hammond stated that the baby was crying and bothering him so he stomped the baby....” Defendant denies making this statement.
Defendant also contends that the report contains “preconceived opinions and beliefs of the probation officer,” and irrelevant statements by the Sheriff. Defendant argues that these statements influenced the trial judge.
The defendant has the right to rebut misinformations and inaccuracies in the pre-sentence investigation report. State v. Ray, 423 So.2d 1116 (La.1982); State v. Brown, 440 So.2d 994 (La.App.3d Cir.1983), writ denied, 444 So.2d 120 (La.1984). To guaranty this right, the defense must request a copy of the report and show that the report contained false information prejudicial to the defendant. State v. Berain, 360 So.2d 822 (La.1978).
In State v. Bindom, 410 So.2d 749 (La.1982), the defendant contended that there were errors in his report which he had no opportunity to refute or explain. The Louisiana Supreme Court concluded that since defense counsel had never requested a copy of the report, or questioned it in any manner during sentencing, and since there was no false information prejudicial to the defendant, the sentence would be upheld. See also State v. Boone, 364 So.2d 978 (La.1978), cert. den., 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979).
Defense counsel contends that the trial court represented to him that he would be provided with a copy of the .report prior to sentencing. Defendant cites a portion of the plea colloquy which states, “you will be notified at the time of sentencing when the PSR’s are received and I’ll go over it with you ... before sentencing.” Defense counsel may or may not have been justified in failing to request a report. Regardless, defendant suffered no prejudice.
THE “STOMPING” REFERENCE
Defendant raised an objection to the accuracy of a portion of the report where the probation officer indicated that defendant admitted “stomping” the baby. This objection was made prior to imposition of sentence.
The trial judge indicated that in view of the admitted heinous nature of this crime, whether or not defendant “stomped” the baby was inconsequential:
“Well, I ... I mean that ... that in itself would not make the difference. I’m just ... I’m going to have the Pre-sentence Investigation report filed in the record. Of course, if you wish to appeal the sentence, that ... that, of course, is up to you, Mr. Scott, but the court even ... even if that is not ... it proves to be not true, the fact that Mr. Hammond stuck the baby some two hundred times with safety pins, which is by the examining physician’s court, not something that the probation officers thought up, this is from the doctor who examined the baby and found the traumas, the injuries to the baby, the puncture wounds to the baby, the bruises on the baby, and I ... I just ... I think Mr. Hammond needs help and the only place I know that he can get it ...”
Defendant was allowed the opportunity to deny that he “stomped” the baby. The trial court assumed that defendant did not “stomp” the baby notwithstanding the PSR. It is clear that defendant suffered no prejudice from any consideration of the “inaccuracy” of the report.
OPINIONS AND BELIEFS OF THE PROBATION OFFICER/IRRELEVANT STATEMENTS BY THE SHERIFF
Initially it is noted that these are not traditional misinformation or inaccuracies. Assuming, arguendo, that these portions of the report constitute “misinformation,” it is concluded that no prejudice has resulted to *1260 defendant as a result of their inclusion in the report.
As will be shown, the trial judge adequately complied with La.C.Cr.P. art. 894.1 and fully articulated his reasons for sentence. Nowhere in his reasons does the trial judge mention the opinions or beliefs of the probation officer, or any information provided by the Sheriff. Defendant has failed to show any prejudice. Any error which may have occurred is harmless. See La.C.Cr.P. art. 920. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court erred in failing to comply with La.C.Cr.P. art. 894.1. Specifically, defendant argues that the court gave little or no weight to the following mitigating factors: the lack of harm to the victim, defendant’s age, defendant’s lack of a criminal record, defendant’s employment at the time of sentencing, the improbability of recidivism. Defendant points out that treatment for his substance abuse problems is available within the community so that a corrections facility is unnecessary.
The trial judge is required to state for the record both the considerations he has taken into account, and the factual basis, for imposition of sentence. La.C. Cr.P. art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982). The trial court does not have to state every aggravating and mitigating factor, but the statutory guidelines in Article 894.1 must be adequately considered. State v. Richardson, 438 So.2d 1315 (La.App.3d Cir.1983). Important elements which should be considered include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983).
In the case at bar, the trial judge considered both the relevant aggravating and mitigating factors, and complied fully with Article 894.1. The trial judge expressly considered as mitigating factors defendant’s youth and the fact that this was his first felony conviction. The judge also considered that defendant was single and had no dependants. The trial judge considered as aggravating the heinous manner in which defendant acted and the resultant injuries to the baby (200 puncture wounds, bruises over the eye and ear, swollen hand and non-accidental trauma).
In State v. Owens, 457 So.2d 128 (La.App.2d Cir.1984), the appellate court ruled that although the trial court did not expressly relate, or check off, defendant’s circumstances to the particular factors listed in Article 894.1, the mention of defendant’s circumstances was sufficient articulation.
State v. Perry, 457 So.2d 1261 (La.App. 1st Cir.1984), held that the trial court had sufficiently articulated reasons for the imposition of sentence where it had placed great weight on defendant’s prior convictions, and the seriousness of the crimes for which he was convicted.
At the sentencing hearing in State v. Bethly, 449 So.2d 37 (La.App. 1st Cir.1984), the trial court considered: 1) that the victim was not harmed but might as well have been, 2) that the defendant was a first offender, and 3) that imprisonment would be hard on defendant’s parents, but that defendant had no dependents. The higher court concluded that the trial court complied with Article 894.1, adequately stating for the record its considerations, and the factual basis for its sentence.
In this case, the trial court was more complete in articulating its reasons for sentence under Article 894.1 than Owens, Perry, and Bethly. Here, the trial court adequately complied with Article 894.1 in sentencing defendant. Assignment of error number 2 lacks merit.
ASSIGNMENT OF ERROR NO. 3
Defendant argues that the five (5) year sentence he received, after pleading guilty to one count of cruelty to a juvenile, is unconstitutionally excessive.
Article I, Section 20 of the Louisiana Constitution of 1974 states in pertinent part that “no law shall subject any person *1261 ... to cruel, excessive or unusual punishment. ...” A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than a purposeless and needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Meshell, 473 So.2d 935 (La.App.3d Cir.1985).
A sentence of up to ten years, with or without hard labor, plus a fine of up to $1,000.00 is authorized for the crime of cruelty to juveniles. La.R.S. 14:93(D). Defendant received a five (5) year sentence; however, a sentence within statutory limits can violate a defendant’s constitutional right against excessive sentences. State v. Sepulvado, 367 So.2d 762 (La.1979).
In State v. Scott, 400 So.2d 627 (La.1981), the defendant received a five (5) year sentence for violating La.R.S. 14:93. Scott failed to take his son to a hospital after his son received serious burns. The Louisiana Supreme Court upheld the sentence, even though defendant did not have a serious criminal history, because defendant knew free medical assistance was available, and because there had been past neglect complaints against defendant.
In State v. Dufrene, 461 So.2d 1263 (La.App.1st Cir.1984) the defendants received a sentence of five (5) years at hard labor and $750.00 fine. Defendants’ sentences were upheld because there were aggravating factors; particularly, the victim was only four months old and there was no provocation.
In Meshell, 473 So.2d at 936, defendant received two (2) consecutive (10) year sentences for beating his two children about the buttocks with some instrument and salting the wounds. Defendant’s lengthy sentence was upheld because he had a record of violence, and had previous convictions for cruelty to juveniles.
In the case at bar, defendant Hammond committed a very serious crime in an insidious and sadistic manner. Defendant stuck a baby with safety pins over two hundred times. An act in anger or in the heat of the moment, while not excusable, is understandable; deliberately puncturing a baby over 200 times with a pin is as inexcusable as it is enigmatic.
The trial judge has wide discretion in imposing sentences within statutory limits. State v. Forshee, 395 So.2d 742 (La.1981). The defendant committed a serious crime, in a heinous manner. In view of the fact that defendant received a mid range sentence, and considering the jurisprudence in similar cases, defendant’s sentence is not excessive.
This assignment of error is without merit.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.