574 So.2d 477 (1991)
STATE of Louisiana, Appellee,
v.
James Earl COLEMAN, Appellant.
No. 22077-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1991.
*478 Hunter Scott Blue Johnson & Ross by Robert C. Johnson, for appellant.
William J. Guste, Jr., Atty. Gen., James A. Norris, Jr., Dist. Atty., John P. Spires, Asst. Dist. Atty., for appellee.
Before LINDSAY and HIGHTOWER, JJ., and PRICE, J. Pro Tem.
O.E. PRICE, Judge Pro Tem.
After initially being charged with simple burglary of an inhabited dwelling and pleading not guilty, defendant pled guilty to simple burglary. He was thereafter sentenced to four years at hard labor.
Defendant now appeals, contending the trial court erred in failing to grant him a full evidentiary presentencing hearing. He alternately contends the trial court failed to properly consider the sentencing guidelines resulting in his excessive sentence.
We affirm.

FACTS
On September 6, 1989, defendant Coleman (then age 17) left his home and went directly to that of his elderly victim. After unsuccessfully trying to break into the front door, Coleman went to the side of the house and attempted to remove a window air conditioner unit with a screwdriver he carried with him. Unable to open the window, defendant then went to the back door, where he forcibly gained entry.
Once inside and finding no one home, defendant pilfered through his victim's belongings, pocketing a gold ring and other items of value. A witness reported the incident to police after hearing noises from the house of his neighbor, who was hospitalized at that time.
Upon searching outside, law enforcement authorities discovered the back door partially ajar. They called to the intruder to identify himself and come outside. When defendant failed to respond, the officers released Ricky, a police K-9, who discovered the defendant underneath the bed in the master bedroom. He was then subdued and arrested.
Defendant later gave a full confession to law enforcement authorities. Before trial, defendant entered into a plea bargain under which he withdrew his formal "not guilty" plea and pled guilty to simple burglary, conditioned upon a sentencing "cap" *479 of six years. Nevertheless, the trial judge suggested to defendant that an appeal of the sentence could occur. Finding defendant's plea knowingly and voluntary made, the trial court accepted his plea, ordered a PSI and invited defendant's counsel to review it prior to sentencing.

THE SENTENCING HEARING
The record does not clearly reflect whether or not defendant requested to or did in fact review the PSI before the sentencing hearing. Defendant simply appeared in court and announced ready for sentencing.
Before imposing sentence, the trial judge reviewed with the defendant and his counsel the information contained in defendant's PSI. Noting the PSI included only a "cryptic note" indicating defendant had extensive juvenile problems, the trial judge advised them he had personally contacted the Office of Youth Services and received more specific information regarding defendant's history of delinquency, which he discussed in detail. The trial judge then reviewed the aggravating and mitigating circumstances he considered in imposing sentence.
Discussing the aggravating circumstances, the trial court emphasized the circumstances of defendant's arrest, the seriousness of his crime, the damage caused to his elderly victim's home and well-being, and his "significant" juvenile record.
As mitigating factors, the trial court noted defendant had limited formal education but had obtained his GED in the Job Corps. He also cited defendant's difficult childhood, particularly noting his father was deceased.
The trial court concluded that defendant's conduct threatened and caused serious harm without provocation or justification and that he had not, and had no way of, compensating his victim. Emphasizing defendant's history of delinquency, the trial court found that defendant had not led a law-abiding life for a substantial period of time and that his criminal conduct was likely to recur. The trial court additionally concluded that defendant benefited from his plea bargain by pleading guilty to simple burglary, noting that as initially charged defendant was exposed to a mandatory, minimum one-year prison term at hard labor without benefit of parole, probation or suspension of sentence. See and compare LSA-R.S. 14:62.2 and 14:62.
Relying on information his client had told him and apparently realizing that the trial judge was going to impose a prison term, defense counsel objected to the trial court's conclusion that defendant benefited from his plea bargain and its characterization of the defendant's juvenile record as "lengthy." He first noted that the crime with which defendant was initially charged and that to which he pled guilty both carried a maximum of twelve-year sentence at hard labor. Counsel additionally informed the trial court that he had been advised by the defendant of only one incident as a juvenile and that the PSI apparently indicated no other juvenile "convictions." He further reviewed and emphasized mitigating factors. To him, defendant's juvenile record was improvidently characterized as "lengthy."
Responding, the trial judge offered to order defendant's juvenile record and incorporate it under seal in the record for appellate purposes. Defense counsel refused and moved for a "formal sentencing hearing." Noting defendant's objection, but denying his motion, the trial court thereafter imposed the sentence of which the defendant now complains.
On this appeal, defendant asserts three assignments of error. He first contends the trial court erred in denying his motion for a full evidentiary presentencing hearing. He alternatively contends the trial court failed to comply with CCrP Art. 894.1 and imposed an excessive sentence.

ENTITLEMENT TO A FORMAL PRESENTENCING HEARING
Defendant does not here contend that the trial court erred in contacting sua sponte the Division of Youth Services regarding defendant's juvenile record. Nor does he maintain that a defendant's history of delinquency *480 is not a proper factor to be considered in sentencing.[1] Defendant contends only that he was entitled to, but not given, an opportunity to correct or rebut the information relating to defendant's history of delinquency upon which the trial court expressly relied in imposing sentence. More particularly, defendant here essentially contends only that his PSI contained unreliable and erroneous information regarding his juvenile record which should not have been considered by the trial court in imposing sentence or which the defendant had a right to rebut at a presentence hearing before sentencing. Our review indicates the contrary.
Although presentence hearings are not required by our Code of Criminal Procedure, due process and fundamental fairness (as recognized in our Code of Criminal Procedure) provides for potential challenges by a defendant of the factual content and conclusions of the PSI report. The Code, however, does not specify the method by which such challenges must be made. Instead, our courts have jurisprudentially determined the procedure by which a defendant must traverse allegedly false, misleading or otherwise prejudicial PSI information.
Although a PSI is privileged and must remain confidential, CCrP Art. 877, the trial court is authorized, and upon timely request and proper allegations must, advise and disclose to the defendant or his counsel of the factual, nonconfidential contents and conclusions of the PSI report or other derogatory or prejudicial information communicated directly to the sentencing judge before sentencing as long as the sources remain confidential or unless the judge determines after in camera examination, that the material should be withheld because it is not relevant or was obviously intended to be confidential. CCrP Art. 877 A and B; State v. Telsee, 388 So.2d 747 (La.1980).
Moreover, even when at presentence hearing, the trial court determines that the information was given to the court in confidence, the trial court should convey the substance (though not the source) of the information to the defendant, his counsel or to some other person acting in the defendant's behalf after eliminating the name and identifying information from the report. State v. Telsee, supra. Thereafter, the defendant must be afforded an opportunity to make a showing, by argument of counsel or otherwise, of statutory mitigating factors which the trial court may have overlooked in imposing sentence, State v. Cox, 369 So.2d 118 (La. 1979), or that the PSI is materially and prejudicially false or misleading.
The purpose of this constitutionally-required "access" is to afford the defendant and his counsel an "opportunity" to deny, rebut or explain any adverse, incorrect and prejudicial PSI or other information (even that otherwise secret to the sentencing judge himself) to which the trial court was exposed prior to imposing sentence in order to avoid an excessive sentence improperly resulting from materially false information. CCrP Arts. 875 and 876; State v. Richardson, 377 So.2d 1029 (La.1979); State v. Trahan, 367 So.2d 752 (La. 1978); State v. Bosworth, 360 So.2d 173 (La. 1973); State v. Davis, 528 So.2d 615, 618 (La.App. 2d Cir.), writ denied, 531 So.2d 472 (La. 1988); State v. Malbroux, 507 So.2d 319 (La.App. 3d Cir.1987). Cases have construed "access" to mean "disclosure," "access" and "to examine." See e.g., State v. Telsee, supra.
A trial judge is not necessarily required to allow defense counsel access to or give him a copy of defendant's PSI. Even if failure to provide defense counsel with PSI report was error, where adverse report information was provided to defense *481 counsel and the report contains no adverse information not given to defense counsel that could logically form the basis for or be subject to challenge by a motion to traverse, the error was harmless. State v. Herrington, 512 So.2d 607 (La.App. 2d Cir.), writ denied, 516 So.2d 130 (La.1987). Where, however, a trial court fails to allow a defendant access to the report and an opportunity to rebut any adverse and materially prejudicial information, reversible error has occurred. State v. Underwood, 353 So.2d 1013 (La.1977); State v. Bosworth, supra; State v. Davis, supra, and cases therein cited; State v. Helsley, 457 So.2d 707 (La.App.2d Cir.1984); see and compare State v. Taylor, 514 So.2d 755 (La.App.2d Cir.1987), appeal after remand, 535 So.2d 1146.
While a defendant is guaranteed the right to contest allegations and statements in a PSI report and additional information to which the sentencing court was exposed, defense counsel must make a timely request prior to sentencing for access to the PSI report and must make some showing that the report contains, or other information upon which a trial court relies in imposing sentence consists of, materially false or misleading information prejudicial to the defendant. State v. Boone, 364 So.2d 978 (La.1978), U.S. cert. den., 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979); State v. Ray, 423 So.2d 1116 (La.1982); State v. Bindom, 410 So.2d 749 (La.1982); State v. Berain, 360 So.2d 822 (La.1978); State v. Higginbotham, 541 So.2d 348 (La. App. 2d Cir.1989); State v. Davis, supra; State v. Waller, 519 So.2d 301 (La.App. 2d Cir.1988); State v. Hammond, 526 So.2d 1257 (La.App. 3d Cir.1988); State v. Helsley, supra.
Thus, while sentencing procedures must meet due process requirements, those requirements are met by permitting the defendant access and an opportunity to rebut or explain prejudicial or erroneous information included in a PSI. State v. Parish, 429 So.2d 442 (La.1983); State v. Higginbotham, supra. Due process does not necessarily require a full-scale presentence evidentiary hearing. State v. Telsee and State v. Higginbotham, both supra.
We have carefully reviewed the entire record, which includes both defendant's PSI and his sealed juvenile record. The record shows that in the PSI, the defendant stated that he had a significant juvenile record. Defense counsel had the opportunity to review this report prior to sentencing and therefore was given adequate opportunity to seek a hearing to rebut his statements. This factual situation is distinguishable from State v. Davis, supra, in which the trial court used information outside the PSI of which defense counsel had no prior notice or opportunity to rebut. Here, the trial judge on his own contacted the Office of Youth Services to "get more particulars," and determined the defendant in fact had an extensive juvenile record.
Since juvenile records are confidential, we will not here publicly delineate defendant's history of delinquency.[2] We simply note it contains certified copies of his juvenile adjudications, probations, referrals and other criminal activity. We find that the trial judge accurately described defendant's juvenile record and agree that it is indeed significant.
Further, defendant failed to make a timely request for or properly allege the basis for the presentence hearing. No timely objection was made to the PSI or other information to which the trial judge was exposed before the scheduled hearing. No request was made to delay sentencing to allow defendant's counsel to determine the actual nature and extent of his juvenile record. No specific allegations were made here or below requesting a presentencing hearing and accurately indicating what information, if any, would be revealed should this court vacate defendant's sentence and grant his requested hearing.
*482 Instead, the record clearly shows that defense counsel's objection and request for hearing resulted from being giving incomplete and erroneous information from his client. He was, however, at least aware of, although apparently misled or misinformed by the defendant concerning, the true nature, extent and significance of defendant's juvenile record.
To summarize, although the trial court apparently relied upon defendant's juvenile record in imposing his four-year sentence, defendant failed to timely request a hearing or make the necessary showing that the PSI contained or referred to or the trial court was otherwise exposed to materially false or prejudicial information. Further, defendant's objection was based on erroneous information. Even absent defendant's request, the trial court properly and accurately disclosed the nature and extent of the adverse information contained in his juvenile record. Moreover, defendant's counsel was given the opportunity to and did review mitigating factors, reviewed and considered below, in imposing sentence. Accordingly, we find no prejudice. There is no logical basis for defendant's requested hearing. Under the facts and circumstances of this case, the defendant's complaint has no merit. See State v. Telsee, State v. Davis and State v. Herrington, all supra; see also and compare State v. Guajardo, 428 So.2d 468 (La.1983).

EXCESSIVENESS
Claiming the trial court failed to properly consider and comply with CCrP Art. 894.1, defendant next contends his four-year at hard labor sentence is harsh, unjustified and constitutionally excessive. Emphasizing his age, "insignificant" juvenile record reflecting no felony arrests or convictions, remorsefulness and the fact that no actual loss was incurred since defendant was "caught in the act," he argues the trial court focused primarily on the aggravating, but paid very little attention to mitigating, circumstances.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. The record must reflect that the trial court observed the criteria set forth in CCrP Art. 894.1. One of the purposes of CCrP Art. 894.1 is to adapt the sentence to the offender as well as to the offense. State v. Murdoch, 416 So.2d 103 (La.1982); State v. Douglas, 389 So.2d 1263 (La. 1980). The goal is an articulated factual basis for the sentence imposed to afford meaningful review. The trial court need not discuss every aggravating or mitigating circumstance but the record must allow the conclusion that the court considered the statutory guidelines. State v. Smith, 433 So.2d 688 (La.1983). Articulation of the factual basis for the sentence is the goal of CCrP Art. 894.1, not rigid or mechanical compliance with its provisions. CCrP Art. 894.1; State v. Lanclos, 419 So.2d 475 (La.1982).
The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (La. 1988).
The second prong of the test requires us to answer whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, Sec. 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock one's sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits. We do not set aside a sentence as excessive absent a finding of manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
The aggravating and mitigating circumstances considered by the trial court in *483 imposing defendant's sentence have previously been discussed. Simply put, we do not find excessive or unconscionable a four-year sentence at hard labor for this single, eighteen-year-old defendant, who has a significant history of delinquency and criminal activity as a juvenile similar to the very serious crime to which he pled guilty, preyed on and caused substantial damage to his elderly (age 67) victim, resisted arrest by kicking the police dog and attempting to kick and punch a police officer before he was subdued and benefited from a plea bargain by eliminating his exposure to a mandatory one-year prison term without benefit of parole, probation or suspension of sentence and dismissing two other misdemeanor charges. Under these circumstances, the trial court did not abuse its wide sentencing discretion. State v. Guajardo, supra. Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] CCrP Art. 875 authorizes a trial court in its discretion to order a PSI report prior to sentencing. If one is ordered, the preparing official is required to inquire into, among other factors, the defendant's "history of delinquency or criminality." Prior juvenile offenses, then, are a proper subject for presentence reports and should be considered by the sentencing judge. CCrP Arts. 875 A(1) and C(1); LSA-C.J.P. Art. 123 D(1); LSA-C.J.P. Arts. 14 E and 122 A; see also and compare LSA-R.S. 13:1586 and 44:3 A(6) with LSA-C.J.P. Arts. 123 A and B; and State v. Tucker, 354 So.2d 521, 525 (La. 1978).
[2] A juvenile record must be kept confidential. LSA-C.J.P. Arts. 14 E and 122 A. While the open-court disclosure of defendant's juvenile record during sentencing proceedings may be improper, an issue which we here do not decide, inclusion of such record in the presentence report was authorized. CCrP Art. 875 C(1); LSA-C.J.P. Art. 123 B, C(1) and D(1). The impropriety of the disclosure, however, did not affect the legality of the sentence. State v. Tucker, supra.