PER CURIAM.
We do not find excessive a six-year at hard labor sentence for this 17-year-old offender, who was initially charged with nine counts of simple burglary, but pleaded guilty to one count of attempted burglary. The offense to which defendant pleaded does not adequately describe his conduct to which he confessed. Further, defendant derived a substantial benefit from his plea bargain, thereby reducing his maximum prison exposure by 95 percent (from 108 years to 6 years).
The trial judge properly considered and clearly articulated his justification for imposing defendant’s sentence on the record.[1] Before imposing sentence, the sentencing judge first noted defendant’s attorney had reviewed the PSI and had no objections or modifications. He then reviewed the facts and circumstances of defendant’s conduct, emphasizing particularly his violent mode of entry by shooting out a window and unlocking the doors and emphasizing the possible harm that could have occurred as well as the property damage he and his juvenile accomplice actually caused.
Further, the trial court properly considered defendant’s age (17), family ties (minimal, no dependents), marital status (single), health (good), employment history (no steady jobs), and history of criminality. It noted defendant has both a juvenile and an adult record.
While only cryptically noting that defendant had a juvenile record, the trial court emphasized his recent adult record. The PSI further reflects and defendant admitted his drug and alcohol abuse as a juvenile, which involved marijuana, crack cocaine and crystal. Defendant’s alcohol abuse included drinking all types of alcoholic beverages, including approximately one fifth of tequila and three to four six-packs of beer per day. The trial court also referred to defendant’s statements when first arrested threatening to burn down his victims’ houses in revenge.
Contrary to defendant’s contention that he cooperated with law enforcement authorities, defendant gave them a false name and date of birth when initially arrested. Despite his youthful age and first felony offender status, defendant has a history of delinquency and criminal behavior both as a juvenile and a young adult.
*940 Citing the aforementioned charges and those for resisting arrest and stating defendant tried to “flimflam” the Court as he did the arresting officers by giving them a false name, the trial Court found defendant had contempt for authority and was in need of correctional treatment which could most effectively be provided by commitment to an institution. Emphasizing the leniency already granted to the defendant by the plea bargain, finding no strong provocation, grounds for justification or evidence of victim compensation, and recognizing defendant’s criminal conduct threatened property and personal harm which defendant must have contemplated, the trial court concluded that any lesser sentence would deprecate the seriousness of defendant’s crime. The trial court further concluded that due to defendant’s continuous criminal behavior there was an undue risk that if given a suspended or probated sentence, he was likely to commit other crimes.
Our supreme court has previously held that a sentence of four years for simple burglary by a youthful defendant with a juvenile record is not excessive. See and compare State v. Guajardo, 428 So.2d 468 (La.1983) (6 years); State v. Artis, 391 So.2d 847 (La.1980) (4 years); and State v. Coleman, 574 So.2d 477 (La.App. 2d Cir.1991) (4 years).
DISPOSITION
Here, the defendant’s sentence, although the maximum for the crime of which he was convicted by guilty plea, is not excessive and does not shock our sense of justice. The trial court substantially complied with C.Cr.P. Art. 894.1, clearly articulating its reasons for the sentence imposed. Its specific findings are based on the facts and circumstances here presented. Accordingly, we affirm defendant’s conviction and sentence.
AFFIRMED.

. We note one of the parties in brief has cited and quoted from an unpublished opinion. Unpublished opinions shall not be cited, quoted or referred to by any counsel, or in any argument, brief or other materials presented to any court, except in continuing or related litigation. Rule 2-16.3, URCA.