PER CURIAM.
| iWrit denied. Given the nunc pro tunc determination of competency by the District Court, relator does not show that counsel erred in failing to challenge his competency earlier. We find defense counsel did not provide ineffective assistance of counsel for failing to take futile steps. See State v. Kenner, 336 So.2d 824, 831 (La.1976); State v. Williams, 613 So.2d 252, 256-57 (La.App. 1 Cir.1992). Concerning relator’s complaint that counsel erred in failing to investigate mitigating factors that would have established manslaughter, we find relator failed to carry his burden of proof in post-conviction. See La.C.Cr.P. art. 930.2. We find relator’s claims concerning allegations of professional misconduct and conflict of interest were not raised in relator’s post-conviction application in the District Court, and these claims presented in the application have been substantially enlarged upon as the applicant passed through the appellate process. Thus, we find these claims are barred. See Segura v. Frank, 93-1271, p. 15-16 (La.1/14/94); 630 So.2d 714, 725; cf. United States v. Williams, 504 U.S. 36, 40, 112 S.Ct. 1735, 1738, 118 L.Ed.2d 352.
As part of this ruling, we attach and make a part hereof the written reasons of the District Court.
^Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La. C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6 and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right - to state collateral review.
HUGHES, J., would grant the writ and will assign reasons.
^Attachment
FORTIETH JUDICIAL DISTRICT COURT
IN AND OF THE PARISH OF ST. JOHN THE BAPTIST
STATE OF LOUISIANA
No. 2009-C-515 DIVISION C
STATE OF LOUISIANA
VERSUS
ANTHONY TILLMAN
FILED_ _L
DEPUTY CLERK

JUDGMENT

This matter came before the court for hearings on February 5, 2014, February *951 19, 2014, March 26, 2014 and May 14, 2014 on defendant, Anthony Tillman’s Application for Post-Conviction Relief.
PRESENT: Alfred F. Boustany, II, attorney for/and Authony Tillman
Geoffrey Michel, attorney for the State of Louisiana
Following the last hearing, the court held the record open for further testimony from Lt. Gordon Jeffcoat regarding St. John the Baptist Parish Correctional Center records. However, on July 7, 2014, both parties entered into a stipulation, which waived the necessity of that hearing and closed the record. The court then took the matter under advisement. .
FACTS AND PROCEDURAL HISTORY
This matter arises out of an Application for Post Conviction Relief filed on September 26, 2012. The petitioner, Anthony Tillman, was charged with second-degree murder in the death of Saneria Johnson and first-degree feticide on October 11, 2009. As a result of a plea agreement, entered into on September 27, 2010, petitioner pled guilty to second-degree murder and the charge of first-degree feticide was nolle prossed. The petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
In his application, Mr. Tillman asserts that his guilty plea should be set aside because he suffered from a mental illness that prevented him from assisting in his defense or making a knowing and intelligent decision to plead guilty, and his attorney provided ineffective assistance of counsel by failing to investigate Mr. Tillman’s mental condition. In its opposition, the State Largues that petitioner has not provided evidence of a diagnosis of any medical- condition and there is an insufficient amount of evidence to support the claims raised by the petitioner.
At the hearing on February 5, 2014 the court heard testimony from Johnay Tillman, Jr., petitioner’s uncle, Henry Tillman, petitioner’s father, Berthella Tillman, petitioner’s mother and from petitioner Anthony Tillman. The court also heard testimony from Dr. Daphne Glindmeyer, forensic psychiatrist, Dr. Raffael Salcedo, forensic psychiatrist, and Dr. Christie Montegut, Coroner of St; John the Baptist Parish.
Dr. Glindmeyer testified that she performed an evaluation of Mr. Tillman in order to determine competency at the time of the plea and his current level of functioning. She testified that it is her opinion that at the time of the guilty plea on September 27, 2010 that Mr. Tillman was unable to understand the charges against him or assist in his defense at that time. Dr. Glindmeyer- opined that Mr. Tillman has met diagnostic criteria for a psychotic disorder for a period of time, and that he met criteria for and was experiencing psychotic symptoms at the time of his guilty ,plea. She further testified that it would be unlikely that auditory hallucinations, paranoia, and systematized delusions, such as those exhibited by Mr. Tillman developed over the 14 day period between his guilty plea and the first time documentation of mental health symptoms which occurred at Hunt-Correctional Center on October 11, 2010.
Dr. Glindmeyer also testified that Mr. Tillman currently continues to experience auditory hallucinations and delusions, although there is a slight improvement due to treatment with antipsychotic medications. She stated that Mr. Tillman continues to experience paranoid delusions, hallucinations, and somatic symptoms due to a diagnosis of Chronic Paranoid Schizophrenia, and is only in partial remission of *952 Ms symptoms. She is of the opinion that Mr. Tillman is able to- understand 'the charges against him arid assist his defense at the present time.
Dr. Salcedo also evaluated Mr. Tillman in order to determine if Mr. Tillman lacked or currently lacks the capacity to understand the proceedings against him and to assist in his defense. Dr. Salcedo was appointed by the court as a member of a sanity commission in accordance with C.Cr.P. Art. 644. Dr. Salcedo evaluated Mr. Tillman on April 17, 2013. He testified that it is his opinion that Mr. Tillman was able to understand the proceedings against him and was able to assist in his defense currently and at the time of the plea bargain. He testified that it is his opinion that Mr. Tillman is malingering and explained that he believes that Mr. Tillman was experiencing a sort of “buyer’s remorse” -after his -plea bargain. He explained 1 Kthat Mr. Tillman met the Bennett factors and he was competent to proceed at the time of the plea bargain. Dr. Christy Montegut also testified as a member of the sanity commission. He also testified that it is his opinion that Mr. Tillman was able to assist his' defense and understand the proceedings against him at the time of the plea bargain.
Mr. Henry Tillman and Mrs. Berthella Tillman both testified that their son, the petitioner, told them about the “laser beam” hallucinations before the plea bargain was reached. Mr. Tillman testified that he thought something was wrong with his son. He also testified that at first his son was-appointed a public defender, but he and his wife hired his attorney that handled his case, Mr. Daniel Becnel, III. Mrs. Tillman testified that she thinks that the officers in the jail were shouting laser beams at her son, causing him extreme discomfort, which is one of Mr. Tillman’s delusions.
At the hearing on February 19, 2014 Mr. Darnel Becnel, III testified Mr. Becnel testified that his client, Mr. Tillman just told him that he wanted to get out of- the St. John Parish Correctional Center, but did not say why. He further testified that Mr. Tillman’s parents never raised concerns about Mr. Tillman’s mental heath to him. Mr. Becnel' testified that he would have not advised taMng a guilty plea if he had concerns regarding Mr. Tillman’s mental capacity. He testified that he is aware of what a sanity commission is, has filed them before in other cases, but did not think it was necessary in Mr. Tillman’s case. Mr. Becnel stated that at no point did he have reasoris to doubt Mr. Tillman’s mental capacity. He testified that he went over the plea bargain with Mr. Tillman before it was entered into; he read it out to Mr. Tillman and explained the Boykin form.
LAW AND ANALYSIS
A claim of ineffectiveness of counsel is analyzed.under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish that his attorney was ineffective, the defendant must show that counsel’s performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. The relevant inquiry is whether counsel’s representation fell below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal case; Id. The assessment df an attorney’s performance requires his conduct to be evaluated' from counsel’s perspective at the time of the occurrence. A reviewing court must give great defer *953 ence to trial | (¡counsel’s judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Cobb, 575 So.2d 938 (La.App. 2d Cir.1991). A defendant who asserts a claim of ineffective counsel upon a failure to investigate must allege with specificity what the investigar tion would have revealed and how it would have altered the outcome of trial 'or sentencing. State v. Castaneda, 658 So.2d 297 (La.App. 1st Cir.1995).
Second, the defendant must show that counsel’s deficient performance prejudiced his defense. This element requires that a showing the errors were so serious as to deprive the defendant of a fair trial, i.e., a trial whose result is reliable. Strickland, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel’s unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Id. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel, which led to the claim; general statements and conclusory charges will not suffice. Id. In cases in which the defendant pled guilty, to prove the prejudice component, he must show that there is a reasonable probability that, but for counsel’s errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Regarding the petitioner’s competency to stand trial claim, the decision as to a defendant's competency to stand trial should not turn solely upon whether he suffers from a mental disease or defect, but must be made with specific reference to the nature-of the charge, the complexity of the ease and the gravity of the' decisions with which he is faced. State v. Bennett, 345 So.2d 1129- (La.1977). Appropriate considerations in determining whether the accused is fully, aware of the nature of the proceedings include: whether he understands the nature of the charge and can appreciate its seriousness; whether he understands what defenses ■ are available; whether he can distinguish a guilty plea from a not guilty plea and understand the consequences of each; whether he has an awareness of his legal rights; and whether he understands the range of possible verdicts and the consequences of conviction. Id.
Facts to consider in determining an accused's ability to assist in his defense include: whether he is able to recall and relate facts pertaining to his actions and whereabouts at certain times; whether he is able to assist counsel in locating and examining relevant witnesses; whether he is able to maintain a consistent defense; whether he is able to listen to the testimony of ^witnesses and inform his lawyer of any distortions-or misstatements; whether he has the ability to make simple decisions in response to well-explained alternatives; whether, if necessary to defense strategy, he is capable of testifying in his own defense; and to what extent, if any, his mental condition is apt to deteriorate under the stress of trial. Id. "
After careful review of the testimony and evidence presented, the court finds that Mr. Tillman was competent to stand trial at the time of the plea bargain. The court further finds that petitioner did not meet the burden of proof on his ineffective assistance of counsel claim. The court relies on the' determination given by Dr. Salcedo and Dr. Montegut regarding Mr. Tillman’s mental capacity. The court is *954 not persuaded by Dr. Glindmeyer’s opinion that petitioner was not competent to stand trial at the time of the plea bargain. From the testimony adduced and considered, Mr. Tillman is experiencing the same symptoms as he was around the time of the plea bargain, and all the expert testimony opined that Mr. Tillman is presently competent to stand trial. Any symptoms of mental illness were not documented until after Mr. Tillman’s plea bargain at Hunt Correctional Center. St. John Parish Correctional Center records indicate that Mr. Tillman was initially placed on suicide watch on October 13, 2009, shortly after his arrest, but do not provide a reason for why he was placed there. There are no St. John Correctional Center records in evidence indicating a diagnosis of mental illness or symptoms thereof. Additionally, Mr. Tillman was before this court when he entered into the plea bargain; the court conducted the Boykin colloquy and found that the petitioner entered into the plea knowingly, intelligently, and voluntarily. Mr. Tillman lodged no complaints of any kind at the time of his plea.
Regarding the ineffectiveness of counsel claim, the court finds that the trial attorney in this case, Mr. Daniel Becnel III, exercised reasonable professional judgment. According to his testimony, Mr. Becnel had no reason to doubt Mr. Tillman’s mental capacity. Additionally, even if Mr. Becnel had investigated Mr. Tillman’s alleged mental condition at the time, the evidence is insufficient that it would have altered the outcome, considering this court’s opinion regarding Mr. Tillman’s competency. The record shows that Mr. Tillman was aware he was pleading guilty to one count of second degree murder. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, both in the colloquy with the trial court and by means of the waiver of rights form. Mr. Tillman indicated that he understood that he was waiving these rights. Mr. Tillman indicated that he had not been forced, coerced, or | threatened to enter his guilty plea and informed of what his sentence would be if the court accepted his guilty plea. The waiver of rights form, signed and initialed by Mr. Tillman, as well as by his counsel and the judge also shows that he understood the possible consequences of pleading guilty and that he wished to plead guilty.
Considering the foregoing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner, Anthony Tillman’s Application for Post-Conviction Relief is DENIED.
READ, RENDERED, AND SIGNED on this 14th day of October, 2014, in Ed-gard, Louisiana.
/s/ J. Sterling Snowdy
/s/ J. STERLING SNOWDY, Judge, 40th Judicial District Court
Please Notify All Parties.