410 So.2d 749 (1982)
STATE of Louisiana
v.
Melvin BINDOM and Roland Gaines.
No. 81-KA-1356.
Supreme Court of Louisiana.
February 5, 1982.
Rehearing Denied March 19, 1982.
*750 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Eddie Knoll, Dist. Atty., Jeanette T. Knoll, Cliffe E. Laborde, III, Asst. Dist. Attys., for plaintiff-appellee.
Michael J. Johnson, Cottonport, Alex W. Wall, Sr., of Wall, Thomas, Riche & Wall, Baton Rouge, for defendant-appellant.
HALL, Justice Ad Hoc.[*]
Defendants, Melvin Bindom and Roland Gaines, along with Douglas W. Grimes, were jointly charged by bill of information with theft of money in excess of $500 belonging to the Central Louisiana Bank & Trust Company in violation of LSA-R.S. 14:67. Defendants Gaines and Bindom were tried before a six-person jury and were found guilty. Grimes failed to appear for trial, his bond was forfeited and a warrant was issued for his arrest. Bindom and Gaines were each sentenced to serve five years at hard labor. Each defendant appealed.
Bindom makes three assignments of error:
(1) It was error for the jury to convict him because there was insufficient evidence;
(2) It was error for the trial judge to refuse his motion for new trial after he was convicted with insufficient evidence; and
(3) It was error for the trial judge to consider the presentencing report without allowing him the opportunity to controvert its contents.
Gaines makes seven assignments of error:
(1) It was error to deny his motion to sever;
(2) The verdict is not supported by the evidence;
(3) The charge to the jury was defective for failing to fully explain the nature of theft;
(4) The charge was defective for failing to include the proper responsive verdicts;
(5) The trial judge did not comply with Code of Criminal Procedure Article 894.1 in sentencing him;

*751 (6) The sentence is unconstitutionally excessive; and
(7) He was denied due process and equal protection by reason of having ineffective counsel.
Sufficiency of the evidenceBindom Assignments of Error Nos. 1 and 2 Gaines Assignment of Error No. 2
Both defendants contend the evidence is insufficient to support their convictions for theft under the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The evidence presented by the state may be summarized as follows. State witness Lola N. Couvillon, a teller at the Union Bank in Marksville, testified that on September 5, 1980 between 4:00 and 5:00 p. m., a tall black man with a heavy beard came up to her window to make a deposit of $70. He wanted to deposit the money in the account of one Sandra or Henry Williams but when the teller could find no account in these names the man left the bank and proceeded south toward Central Louisiana Bank (Cenla Bank). The teller stated that neither of the two defendants was the man who approached her window.
City patrolman Floyd Carmouche testified he noticed a silver and black Continental with a damaged left quarter panel parked near the Union Bank. He identified defendant Bindom as the person he saw standing on the running board on the passenger's side of the car, looking over the top of the car. There were no other occupants in the vehicle at that time.
Glenn Kimble, a teller at the Cenla Bank, stated that he was approached by a tall, bearded black man late in the afternoon on September 5. The man wanted to deposit $50 into the account of one Betty Grisom. Kimble walked to the rear of the bank to check his master file for that name. Finding no account for Grisom, Kimble returned to his window and so informed the bearded man. The man then departed and walked back in the direction of Union Bank. Five or ten minutes later Kimble opened his cash drawer and found between $3,500 and $3,800 was missing, including some "bait money". He immediately reported this to his supervisor who called the police. At no time did Kimble see either of the two defendants.
John Augustine, a correctional officer at Louisiana State Penitentiary who was shopping in the vicinity of Cenla Bank, noticed a gray Mark IV moving "at a good speed" turn off of Main Street. The passenger door opened and a tall bearded black man who had been walking along the sidewalk from the direction of the Cenla Bank jumped in. The car sped off. The witness stated he saw no one else in the car besides the driver and the man who got into the car.
Mary Barbin McGlory, a bookkeeper at Cenla Bank, testified that before the incident occurred she noticed a silver gray Lincoln Continental driving through the bank parking lot. She could not see who was in the car at the time and could not see the driver or any other occupants.
State Trooper Kenneth Arnaudville was advised of the bank robbery around 5:30 or 6:00 p. m. while he was at the Pointe Coupee Parish sheriff's office. Upon receiving a description of the suspect vehicle he proceeded to Highway 1. At the intersection of Highways 1 and 190, he spotted a vehicle matching that description, a silver or gray Lincoln. He stopped the car and asked the three occupants to exit the vehicle. Defendant Bindom was seated in the front seat on the passenger's side; defendant Roland Gaines was in the back seat. Douglas Grimes was driving. When the trooper asked for the car's registration, Grimes went to the side of the car, reached into the glove compartment and produced the registration showing him to be the owner. When the trooper accompanied Grimes to the side of the car he noticed a bandana partially covering a bundle of money in the middle of the front seat between the driver's seat and the passenger's seat. At that point he moved Grimes to the rear of the car and radioed the sheriff's department asking them to send deputies out.
*752 Jennings David, investigator with the Pointe Coupee Parish Sheriff's Department, testified that he, assisted by Johnny Sparks, Lavonia Police Chief, and Deputy Horton removed the bandana and money from the front seat and counted it. The bandana contained $2,700, including fifteen $20 bills later identified as the "bait money" taken from the Cenla Bank. Bindom had $518.17 in his pocket and Grimes had $84.10. Gaines had $9.32.
The "bait money" was identified by bank employees.
Early Greenhouse, Chief of Police for the town of Marksville, testified that from his investigation he determined that the vehicle in which the three men were apprehended was a gray or silver Lincoln Mark IV, that it had damage to the rear quarter panel, that Grimes was the owner of the vehicle and that Grimes was a black man about 6' 2" with a beard.
The defendants presented no evidence.
This court definitively enunciated the Jackson standard of review in a circumstantial evidence case in State v. Austin, 399 So.2d 158 (La.1981):
"Regarding circumstantial evidence, R.S. 15:438 sets forth the rule that, in order to convict, the evidence must exclude every reasonable hypothesis of innocence. Under Jackson, the evidence is viewed in the light most favorable to the prosecution and from the viewpoint of a rational trier of fact. Therefore, when we review a conviction based upon circumstantial evidence we must determine that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded."
Elaborating, this court further held:
"... Frequently, the state must rely on circumstantial evidence to prove the existence of the fact to be proved. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience.... (footnote omitted)
"Further, to convict defendant, that inference made by the jury must exclude every reasonable hypothesis of innocence. It need not, however, exclude every other possible theory...."
Applying these standards we find the evidence sufficient to support the conviction of Bindom and insufficient to support the conviction of Gaines.
Bindom was identified as being in the Continental outside of the bank in Marksville, in a lookout posture. Several witnesses saw a man other than Grimes driving the automobile in the vicinity of the bank and saw the automobile stop and pick up Grimes, the actual perpetrator of the theft. When the automobile was stopped a short while after the incident Bindom was riding as a passenger on the front seat of the Continental with Grimes as the driver and with the stolen money in plain view on the front seat beside him. The most reasonable inference from these established facts is that Bindom was a principal[1] in the commission of the crime in that he was concerned in and aided and abetted in the theft of the money from the bank. There is no other reasonable hypothesis.
The evidence linking the defendant Gaines with the theft is much more tenuous. There was no evidence placing him in Marksville in the vicinity of the Continental or either of the banks. None of the several persons who witnessed the events in Marksville saw more than two men. There was no evidence linking Gaines as an acquaintance of the other two men or placing him with them at any time prior to the theft. The only evidence against Gaines was his presence in the back seat of the car with the two men who were proven to have *753 committed the crime at the time of the arrest an hour or so after, and 50 miles or so away from the scene of the crime, with the stolen money on the front seat of the car. These facts might be sufficient to give rise to a reasonable inference that Gaines participated in the theft, but are not sufficient to exclude other reasonable hypotheses of innocence. Grimes and Bindom could have picked Gaines up after the theft took place. Gaines could have been elsewhere in Marksville or anywhere between Marksville and Lavonia at the time the money was taken.
The state relies on assertions that all three men were from Baton Rouge, left Baton Rouge together, and were returning to Baton Rouge when they were apprehended, as further evidence supporting the fact of Gaines' participation in the theft. These assertions are based on remarks made by Gaines' attorney in his opening statement. Defense counsel told the jury in his opening statement that the evidence would show that Gaines was picked up in Baton Rouge by two acquaintances he knew and asked if he wanted to take a ride, that he thought they were going to Avoyelles Parish to see friends of one of the men, that Gaines realized something was wrong and that money had been taken only after leaving the bank, that there was not a whole lot he could have done, and that he was afraid and frightened.
The comments made by the attorney in his opening statement are not evidence, nor do they amount to a judicial admission or stipulation. The comments by defense counsel as to what facts he thought the evidence would establish did not amount to a stipulation of facts or a judicial declaration or admission of facts binding on the defendant or subject to consideration by the jury or by the reviewing appellate court. The asserted facts on which the state relies to infer Gaines' participation in the theft were not established by the evidence presented to the jury and cannot be considered in determining whether Gaines' guilt was established in accordance with the Jackson and Austin standards.
Viewing the evidence in the light most favorable to the prosecution we determine nevertheless that the state failed to present evidence upon which a rational trier of fact could have concluded that the state proved the essential elements of the crime beyond a reasonable doubt and that every reasonable hypothesis of innocence had been excluded. Accordingly, Gaines' conviction must be reversed and set aside and he must be ordered discharged.
This issue being dispositive of the appeal by Gaines, it is unnecessary to consider the other assignments of error made by him.
Presentence ReportBindom Assignment of Error No. 3
Defendant Bindom argues that the trial court erred in referring to a presentence investigation report when sentencing defendant without allowing the defendant to refute or explain its contents.
A review of the record discloses that defense counsel never made a request to review the report or questioned it in any manner during the sentencing procedure. There is no indication in the record that the report contained false information prejudicial to the defendant.
In State v. Boone, 364 So.2d 978 (La. 1978), cert. denied 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979), this court found that in the absence of any designation of that portion of the record which would establish that defense counsel made a timely request to review the presentence investigation report and that the request was denied, and in the absence of any showing that the presentence report contained any false information prejudicial to the defendant, no reversible error arose from any failure of the trial court to afford defense counsel access to the presentence report. See also State v. Berain, 360 So.2d 822 (La.1978).
This assignment of error lacks merit.
Decree
The conviction and sentence of defendant, Melvin Bindom, is affirmed.
*754 The conviction and sentence of defendant, Roland Gaines, is reversed and set aside and the defendant is ordered discharged.
LEMMON, J., dissents and assigns reasons.
MARCUS, J., dissents for reasons assigned by LEMMON, J.
LEMMON, Justice, dissenting.
From the circumstances presented in this record, a rational juror could have concluded beyond a reasonable doubt that Gaines was a principal in the theft. The theory that two bank robbers picked up Gaines (whether or not they knew him before) and left $2,700 in bills exposed in plain view on the front seat of the car, while attempting to escape from a virtually certain dragnet operation by police, simply does not constitute a reasonable hypothesis of innocence. See State v. Austin, 399 So.2d 158 (La.1981).
NOTES
[*] Judges Pike Hall, Jr., Charles A. Marvin, and Jasper E. Jones of the Court of Appeal, Second Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Harry T. Lemmon.
[1] LSA-R.S. 14:24:

"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."