STOKER, Judge.
Defendant, Lee Ray Sinegal, was charged with distribution of marijuana, a violation of LSA-R.S. 40:966(A). He was found guilty of attempted distribution of marijuana by a jury and was subsequently sentenced to three years in the custody of the Department of Corrections and fined $4,500. We affirm the conviction and sentence.
On appeal, Sinegal raises the following assignments of error:
“1. The trial court failed to give due weight and consideration to the findings and recommendations contained in the presentence investigation report.
“2. The trial court did not give due weight and consideration to, and failed to comply with, the requirements of Code of Criminal Procedure Article 894.1.
“3. The trial court imposed an excessive sentence.
“4. The trial court failed to afford defendant access to the presentence investigation report and an opportunity to rebut materially false information contained therein.”
The first assignment of error has been voluntarily abandoned on appeal.
In assignments of error two and three defendant complains that his sentence of three years and $4,500 is excessive and, in imposing that sentence, the trial judge did not adequately comply with LSA-C.Cr.P. art. 894.1. We consider these two assignments together.
The crime of attempted distribution of marijuana is punishable by imprisonment of up to five years at hard labor and by a fine of not more than $7,500, half the penalty for distribution. Although the sentence imposed on Sinegal is not in the lower range of that which might have been imposed, we do not find that it is “apparently severe” and consequently do not find that it is an abuse of the wide discretion accorded the trial judge. See State v. Jones, 381 So.2d 416 (La.1980). In any event, the trial judge adequately complied with the sentencing guidelines even though he did not articulate every aggravating and mitigating circumstance. His reasons for sentence show that the guidelines were considered. State v. Duncan, 420 So.2d 1105 (La.1982).
In his fourth assignment of error defendant complains that he was not given the opportunity to rebut false information contained in the pre-sentence investigation report. The information complained of is the undercover policeman’s statement that Sinegal is a “big man” in the narcotics trade. Further statements in the report show that this conclusion was based on the fact that the officer was directed to see Sinegal on several occasions to buy marijuana during his undercover investigation. The officer also noted that Sinegal was quick to help him find marijuana.
The officer testified at trial that he did not have a particular target for his investigation. Sinegal argues that this testimony conflicts with the officer’s conclusion that Sinegal was a “big man” in the narcotics *1171 trade. We disagree. It is clear from the report that the officer reached his conclusion only after his investigation had begun. Aside from a denial, nothing presented on appeal shows that the officér’s conclusion was false.
Defendant asserts in his brief that he made three requests to see the pre-sen-tence investigation report in the trial judge’s chambers, but these requests were refused. We note that at the sentencing hearing no further objection was made concerning either access to the report or its veracity. This situation is similar to that which was before the Louisiana Supreme Court in State v. Boone, 364 So.2d 978 (La.1978), cert. den. 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979), in which the court held that there is no error if there is nothing in the designated record on appeal to establish that a timely request was made to see the report and no showing that the report contained false information prejudicial to the defendant. See also State v. Bindom, 410 So.2d 749 (La.1982).
These cases indicate to us that the record itself must reflect a timely request by defense counsel to see the pre-sentence investigation report. The record before us contains no indication of a timely request. Moreover, as noted above, there has been no showing that the information contained in the report was in fact false. Therefore, we affirm the defendant’s conviction and sentence.
AFFIRMED.