775 So.2d 1044 (2000)
GOOTEE CONSTRUCTION INC.
v.
AMWEST SURETY INSURANCE COMPANY and Premier Glass Plus, Inc.
No. 00-OC-2341.
Supreme Court of Louisiana.
November 13, 2000.
*1045 PER CURIAM.
Plaintiff, Gootee Construction Inc. ("Gootee"), a general contractor, filed the instant suit against one of its subcontractors, Premier Glass Plus, Inc. ("PGP"), seeking to recover costs to complete work which PGP allegedly failed to properly perform. PGP in turn filed a third party demand against companies which had supplied materials for the project. Gootee subsequently moved for summary judgment on its claim, which was granted by the trial court.
While the matter was on appeal, PGP served a subpoena duces tecum on Gootee seeking to discover certain records which it contended were necessary to prosecute its third party demands. Gootee filed a motion to quash in the court of appeal. The court of appeal, through a single judge, granted the motion to quash. PGP now seeks review of that ruling. One of the grounds of error urged by PGP is that the court of appeal ruled on the motion to quash prior to allowing it to submit an opposition.
Pretermitting the merits of the ruling quashing the subpoena, we believe the court of appeal acted improvidently in failing to refer the motion to a three-judge panel. While it is true that under La. Const. art. V, § 2, a single judge may issue "writs of habeas corpus and all other needful writs, orders, and process in aid of the jurisdiction of his court," the constitution further provides that "[e]xercise of this authority by a judge of the supreme court or of a court of appeal is subject to review by the whole court."
A review of the constitution and Code of Civil Procedure indicates there is no specific guidance provided as to what type of motions, when filed in an appellate court, may be disposed of by a single judge and which type should be referred to a panel of the full court. However, an analogy can be made to La.Code Civ. P. art. 963, which defines which motions may be decided by the trial court on an ex parte basis and which motions must be decided by contradictory hearing:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
Applying this article by analogy to the instant case, it is clear Gootee's motion to quash, had it been filed in the trial court, is not the type of motion to which the mover is clearly entitled, but rather is one which would require a contradictory hearing.[1] Therefore, we believe the court *1046 of appeal should have referred this motion to a full three-judge panel. While a formal hearing is not necessary, the court should allow both parties sufficient time to submit a brief or memorandum of law prior to ruling on the motion.
Accordingly, the writ is granted. The case is remanded to the court of appeal for reconsideration of the motion to quash by a three-judge panel, after providing the parties with an appropriate opportunity to brief the issue.[2]
NOTES
[1] By contrast, a motion to which the mover is entitled without supporting proof, such as a motion for leave of court to extend page limits in a brief, could be disposed of by a single judge. Under the constitution, the judge's ruling would be subject to review by the full court, although as a practical matter, it is unlikely such review would be warranted in an uncontested matter.
[2] We express no opinion on the merits of the motion to quash.