793 So.2d 441 (2001)
STATE of Louisiana, Appellee,
v.
Douglas J. WOOD, Appellant.
No. 34,819-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
*444 Douglas J. Wood, In Proper Person Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Michael A. Pittman, Carl Ekendahl, Assistant District Attorneys, Counsel for Appellee.
Before BROWN, STEWART and GASKINS, JJ.
*445 GASKINS, J.
In this out-of-time appeal the defendant, Douglas J. Wood, attacks his guilty pleas and sentences for three counts of obscenity, a violation of La. R.S. 14:106 A(1). The defendant entered a plea of guilty to the charges and was sentenced to serve three years at hard labor on each count, with the sentences to be served consecutively. In this pro se appeal, he contends that his guilty plea was constitutionally infirm, that the sentences imposed were illegal and excessive and that he was denied liberty without due process of law. For the reasons stated below, we affirm the conviction and sentences.

FACTS
On numerous occasions from 1995 to 1997, the defendant went to public places in Bossier Parish, exposed himself to adult women and masturbated. In October 1997, the defendant was arrested in Shreveport on similar charges. In November 1997, while in custody in Shreveport, he was arrested by Bossier authorities and a hold was placed against him. On January 22, 1998, after his release in Shreveport, the defendant was taken to Bossier. He was brought before the court on January 23, 1998.
On May 11, 1998, the defendant appeared before the court and entered a plea of guilty to three counts of obscenity. In exchange for the guilty pleas, two other counts were nol prossed. The defendant was properly Boykinized and advised of his right to trial by jury, his right of confrontation and his right against compulsory self-incrimination. The defendant stated that he was under no pressure and no threats or force were used to gain the pleas. He also claimed that the pleas were not the result of promises, guarantees, or inducements.
The defendant was informed that he faced a maximum sentence of three years at hard labor, and a fine of up to $2,500.00 for each count, and that the sentences could be ordered to be served consecutively. The court found that the defendant's decision to plead guilty to three counts of obscenity was freely and voluntarily made and ordered that a presentence investigation (PSI) be prepared.
The defendant appeared before the court for sentencing on November 30, 1998. The PSI showed that the defendant had a prior criminal history including convictions for possession of marijuana in 1975, indecency with a child in 1978, indecent exposure in 1987, harassment in 1996, and two counts of obscenity in 1997. The defendant's record also showed arrests in 1978 for fondling of a child and in 1986 for indecency with a child. There were no dispositions for these arrests. Based upon the arrests pertaining to juveniles, the court concluded that the defendant was a pedophile. The trial judge sentenced the defendant to the maximum possible sentence of incarceration, three years at hard labor, on each count, with the sentences to run consecutively, for a total of nine years at hard labor. The defendant was given credit for time served. The trial court also stated that upon the defendant's release from prison, the sex offender registration requirements of La. R.S. 15:540 et seq. would apply to him.
The defendant filed a motion to reconsider sentence on December 28, 1998. The motion was denied by the trial court. On July 10, 2000, the defendant was granted an out-of-time appeal and waived his right to counsel on appeal. On August 3, 2000, we granted the defendant's writ application and amended his sentence, finding that the present offenses are not sex offenses. Therefore, the provision for registration of sexual offenders was not *446 applicable to the defendant. Accordingly, the registration requirement was removed from the defendant's sentence.
On appeal, the defendant claims that his guilty pleas are constitutionally infirm, that the sentences are illegal and excessive, and that he was denied liberty without due process.

VALIDITY OF GUILTY PLEA
The defendant alleges that his plea of guilty to three counts of obscenity was constitutionally infirm because it was not intelligently and voluntarily entered. He claims that the trial judge inappropriately participated in the plea bargain process. The defendant also claims that the trial court did not comply with La. C.Cr.P. art. 556.1 because it failed to inform him of the maximum sentence exposure and the enhanced penalties that might be imposed for subsequent convictions. These arguments are without merit.
A defendant's decision to plead guilty must be his free and voluntary choice. State v. Cassels, 27,227 (La.App.2d Cir.2/28/96), 669 So.2d 715. When the record establishes that an accused was informed of and waived his right to trial by jury, to confront his accusers and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. State v. Hoover, 34,953 (La.App.2d Cir.4/5/01), 785 So.2d 184. Factors impacting the voluntary and intelligent nature of a plea include breach of a plea bargain, inducement, misleading advice of counsel, and strength of the evidence of actual guilt. Without fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. Also, misunderstandings between the defendant and his counsel do not render a guilty plea involuntary. State v. Hoover, supra.
The defendant contends that during the plea bargaining process, it was represented to him that the trial judge would only accept a plea of guilty to at least three of the five counts of obscenity, with two remaining counts to be nol prossed. According to the defendant, the prosecutor also stated that if the defendant did not accept the terms of the plea agreement, he would be charged as a multiple offender and would receive an enhanced sentence if convicted. The defendant argues that this was an improper threat by the prosecution, which was given credence by the judge's participation in the plea negotiation process.
The district attorney has the entire charge and control of every criminal prosecution instituted in his district and determines whom, when and how he shall prosecute. La.C.Cr.P. art. 61. The district attorney's office has the power to dismiss charges without the consent of the court. La.C.Cr.P. art. 691. Nothing in the record indicates that the judge had any participation in the plea agreement that two counts would be dismissed if the defendant pled guilty to three counts. When discussing the plea agreement on the record, the defendant's attorney refers to an agreement with the district attorney's office. The defense attorney goes on to state that he had explained to the defendant that the sentence would be entirely up to the judge. This statement indicates that while the attorneys may have consulted with the judge about the plea, the judge made no agreement about any part of the plea. The record does not support the defendant's contention that the judge improperly participated in the plea agreement.
It is quite common that, as part of a plea agreement, the prosecution waives any right to bill the defendant as a habitual *447 offender. This waiver, just like the dismissal of some of the charges, does not guarantee that the charges or habitual bill would have resulted in a conviction. The defendant has no right to challenge the viability of a waived habitual offender bill.
The defendant also contends that his sentence was not intelligent and voluntary because he was not informed of the enhanced penalties for subsequent convictions of obscenity as required by La. C.Cr.P. art. 556.1. He claims that due to this deficiency, he was not informed prior to his guilty plea of the maximum penalty to which he was exposed.
Under the obscenity statute, there are three tiers of sentences for first, second and third convictions. However, the defendant was only charged as a first offender. Failure to inform a defendant, prior to a guilty plea, that a conviction could be used to enhance the penalty for subsequent offenses is subject to the harmless error review. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. As stated in State v. Guzman, supra, the trial court is not even required by La.C.Cr.P. art. 556.1(E) to advise a defendant of the penalties for subsequent offenses prior to accepting a guilty plea. Therefore, any failure of the trial court to inform a defendant after the entry of the plea of the possibility of subsequent enhanced penalties does not affect the validity of the plea. Based upon the record before us, we find that the defendant's guilty plea to three counts of obscenity was intelligently and voluntarily entered.

ILLEGAL AND EXCESSIVE SENTENCES
The defendant argues that the sentences imposed are illegal and excessive. He claims that the sentences are illegal because he only pled guilty to one count of obscenity, but was sentenced on three counts. He also contends that the sentences are illegal because the trial court did not pronounce a determinate sentence on each count. In addition, he urges that the imposition of the maximum sentences of incarceration in this case was excessive. These arguments are without merit.

Number of Counts Included in Guilty Plea
The defendant claims that his sentences are illegal because he pled guilty to only one count of obscenity. According to the defendant, during the guilty plea colloquy, the trial court twice referred to the defendant entering a plea of guilty "to the charge." Based upon this language, the defendant makes the spurious claim that he actually pled guilty to only one count of the five count bill of information. A review of the transcript utterly fails to support this claim. All five charges were specified and it was agreed that the defendant would plead guilty to three counts of obscenity, with two counts to be nol prossed. The record shows that the defendant clearly pled guilty to counts three, four and five on the bill of information. The trial court asked the defendant if he was pleading guilty to three counts of obscenity and the defendant replied affirmatively. The dates upon which these separate offenses occurred were discussed extensively. Further, we have previously held that a trial court may take consolidated guilty pleas for separate offenses. State v. Sebastien, 31,750, 31751, 31,752 (La.App.2d Cir.3/31/99), 730 So.2d 1040, writ denied, 99-1426 (La.10/29/99), 748 So.2d 1157. The record does not in any way support an argument that the defendant pled guilty to only one count. The record shows that the defendant was not confused as to the number of charges to which he pled guilty.

*448 Determinate Sentences
The defendant also claims that his sentences are illegal because the trial court failed to pronounce a determinate sentence for each of the three counts of obscenity to which he pled guilty. He complains that the transcript does not reflect to which three counts of the bill of information his plea applied. These claims are not supported by the record.
The district court is required to pronounce a determinate sentence for each count for which the defendant is convicted and is required to express its intent concerning concurrent or consecutive sentences in accordance with La.C.Cr.P. art. 883. State v. Sebastien, 31,750 (La.App.2d Cir.3/31/99), 730 So.2d 1040, writ denied, 99-1426 (La.10/29/99), 748 So.2d 1157. The trial court complied with this requirement.
When pronouncing sentences, the court specified that the defendant was to serve three years at hard labor on each of the three counts of obscenity to which the defendant pled guilty, with the sentences to run consecutively. The record clearly shows that the defendant pled guilty to counts three, four, and five of the bill of information. The defendant's claim that the sentences are not determinate is without merit.

Excessive Sentences
The defendant argues that an aggregate sentence of nine years at hard labor for three instances of obscenity is excessive. The test imposed by the reviewing court in determining the excessiveness of sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating and mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1143 (La. 1988). There is no requirement that specific matters be given any particular weight at sentencing. State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979; State v. Jones, 33,111 (La. App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
A sentence which falls within the statutory limits may be excessive under certain circumstances. Maximum sentences are reserved for the worst offenders. State v. Overby, 30,589 (La.App.2d Cir.4/8/98), 714 So.2d 28. To constitute an excessive sentence, the court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. State v. Guzman, supra. The trial judge has broad discretion in sentencing and a reviewing court may not set sentences aside absent a manifest abuse of discretion. State v. George, 34,621 (La.App. 2 Cir. 4/4/01), 785 So.2d 975.
The record shows that the defendant had a criminal record including convictions *449 for possession of marijuana, indecency with a child, indecent behavior, harassment, and two counts of obscenity. Although the defendant objects to the trial court's characterization of him as a pedophile, he admits that he has a conviction for indecency with a child in 1978. The record shows a 1986 arrest for indecency with a child but there is no disposition. The defendant contends that this entry on the record was a mistake. No disposition for that arrest was shown. Given the defendant's extensive criminal record, the anxiety caused his victims, and the benefit received by a favorable plea agreement, it does not appear that the trial court abused its discretion in sentencing the defendant to serve three years at hard labor on each of three counts of obscenity, to be served consecutively. The sentence was tailored to the offender and the offense and does not shock the sense of justice or constitute a needless or purposeless imposition of pain and suffering.
The defendant objects that the sentences are excessive because they were ordered to be served consecutively rather than concurrently. We find that the imposition of consecutive sentences was not an abuse of the trial court's discretion. La. C.Cr.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently. [Emphasis supplied.]
The present offenses were unrelated. They involved different victims and occurred at different times. The trial court was fully in compliance with the provision set forth above in specifying that the sentences be served consecutively. We find no abuse of discretion in that decision.

DENIAL OF DUE PROCESS
The defendant contends that he was denied liberty without due process in that he received ineffective assistance of counsel, an incomplete and inaccurate PSI was used in sentencing, and he was denied access to the PSI report.

Ineffective Assistance of Counsel
The defendant claims that he was denied effective assistance of counsel. He contends that his court appointed counsel failed to file pretrial motions for his release, lacked knowledge of the crimes charged and their penalties, failed to obtain a copy of the PSI before sentencing, improperly advised the court as to the applicable penalty, and failed to appeal the sentence or advise the defendant of his right to appeal.
Generally, a claim of ineffective assistance of counsel is more properly raised in a timely application for post-conviction relief (PCR) rather than on direct appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La.C.Cr.P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Green, 27,652 (La.App.2d Cir.1/24/96), 666 So.2d 1302, writ denied, 97-0504 (La.10/31/97), 703 So.2d 14. When the record is sufficient, however, in the interest of judicial economy, the court may consider the claim. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La.App.2d Cir.9/27/95), 661 So.2d 673; State v. Reese, *450 34,275 (La.App.2d Cir.12/20/00), 774 So.2d 1164.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Jones, 33,657 (La.App.2d Cir.8/23/00), 765 So.2d 1191, writ denied, 2000-2779 (La.6/29/01), 794 So.2d 825.
To establish that his attorney was ineffective, the defendant first must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. State v. Jones, supra.
The relevant inquiry is whether counsel's representation fell below the standard of reasonableness and competency required by prevailing professional standards demanded for attorneys in criminal cases. Strickland, supra; State v. Moore, 575 So.2d 928 (La.App. 2d Cir. 1991). The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel's judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Moore, supra.
Second, the defendant must show that counsel's deficient performance prejudiced his defense. This element requires a showing the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, supra. The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that, but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland, supra; State v. Jones, supra.
The defendant argues that, while in custody in Caddo Parish, in connection with charges there, Bossier officials arrested him for the present offenses on November 18, 1997, processed him through the Bossier City jail and returned him to custody in Caddo Parish. A hold was placed on him to be returned to Bossier following his release by Caddo authorities. On January 22, 1998, he was returned to Bossier authorities and made his first court appearance in the present case on January 23, 1998. According to the defendant, he was not brought before the court within 72 hours of his arrest as required by La. C.Cr.P. art. 230.1. Therefore, his counsel should have filed a motion for his release. He asserts that the failure to do so constituted ineffective assistance of counsel.
La.C.Cr.P. art. 230.1 provides:
A. The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two hour period referred to herein. The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment.

*451 B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.
C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.
D. The failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant.
In the present case, although the defendant was formally arrested on November 18, 1997, he was in the custody of Caddo Parish authorities. On January 7, 1998, the defendant pled guilty in Caddo, where he was sentenced to jail for six months as a condition of probation. Upon his release by Caddo authorities on January 22, 1998, he was transferred to Bossier. On the next day, January 23, 1998, the defendant was brought before the court in Bossier. Under these circumstances, we do not find that the defendant was entitled to be released under La.C.Cr.P. art. 230.1. The defendant was not held in custody for an extensive period of time on these charges without being brought before the court. Further, the statute provides that the failure of the sheriff or law enforcement officer to comply with these requirements has no effect on the validity of the proceedings thereafter. Failure to comply with the 72-hour rule does not result in exoneration of the defendant from the charges against him. See State v. Guzman, 362 So.2d 744 (La.1978), cert. denied, 443 U.S. 912, 99 S.Ct. 3103, 61 L.Ed.2d 876 (1979); State v. Durio, 371 So.2d 1158 (La.1979). Therefore, we do not find that the failure to seek pretrial release on behalf of the defendant for a perceived violation of the 72-hour rule prejudiced the defendant or constituted ineffective assistance of counsel.
The defendant also argues that his court appointed counsel was ineffective for failure to object to noncompliance with the time limits set forth in La.C.Cr.P. art. 701 for a speedy trial. He claims that under La.C.Cr.P. art. 701 B(1) the bill of information was required to be filed within 60 days of his arrest and the arraignment was to be held within 30 days of the filing of the bill of information. The record shows that the bill of information was filed within 60 days of January 22, 1998, when the defendant was transferred to the custody of Bossier officials on this offense. Also, on March 23, 1998, the defendant waived formal arraignment and entered a plea of not guilty. The defendant has not demonstrated that his court appointed counsel was ineffective in failing to assert these arguments.
The defendant contends that his court appointed counsel was not familiar with the penalties for the charged offenses and conveyed an improper threat by the prosecution to charge him as a habitual offender if he did not accept the offered plea. While the record does show some initial confusion at the guilty plea colloquy regarding the penalties for the present offenses, the record demonstrates that the defendant was clearly informed of the correct penalties prior to the entry of his guilty plea. He can make no argument that he was induced to enter his guilty plea to these offenses under a mistaken belief that he faced more severe penalties.
Further, we find no merit in the contention that the defendant was induced to plead guilty due to the threat of habitual offender charges that could not actually be *452 imposed. The defendant received the benefit of a favorable plea agreement whereby he was allowed to plead to less than all the charges against him. The defendant has failed to carry his burden of showing ineffective assistance of counsel in this regard.
We also find that the defendant has failed to show that his counsel was ineffective in stating to the court that the sexual offender registration requirements applied in this case. The record does not clearly show that defense counsel so informed the trial court. Also, as stated above, this court has eliminated that requirement from the defendant's sentence. Therefore, the defendant has not been prejudiced in any way and the issue is moot.
According to the defendant, his defense counsel was ineffective for failing to appeal his sentence or inform him of his right to appeal. We reject this argument. Any error in this regard was corrected by the trial court when it granted the defendant an out-of-time appeal. The claim is rendered moot because the defendant is now before the court on appeal. State v. James, 95-962 (La.App. 3d Cir.2/14/96), 670 So.2d 461.
The defendant asserts that his counsel was ineffective for failure to request a copy of the PSI before sentencing and for failure to request a recess when the defendant objected at sentencing to information contained in the report. We do not find that the trial counsel failed to apprise himself of the contents of the PSI before sentencing. Further allegations regarding inaccurate information contained in the PSI report are discussed below and render a full discussion unnecessary at this point.

Access to and Accuracy of PSI Report
The defendant contends that the PSI contained inaccuracies that he was unaware of before sentencing and was not given an adequate opportunity to refute. He also objects that he was not given a copy of the PSI for use on appeal.
A defendant is not necessarily entitled to a copy of the PSI as long as he is afforded access and full disclosure of the information contained therein. Access to the PSI report is primarily governed by La.C.Cr.P. art. 877. The provision specifies that the PSI is considered confidential. However, the defendant, or his counsel, may be advised of the factual content and conclusions of the PSI, while sources of confidential information may be withheld. La. C.Cr.P. art. 877 does not require that copies of the PSI be disseminated. Factual contents thereof are to be revealed to the defendant or his counsel. State v. Herrington, 512 So.2d 607 (La.App. 2d Cir.1987), writ denied, 516 So.2d 130 (La. 1987).
Access is provided in order to avoid an excessive sentence improperly resulting from materially false information. Where adverse information is provided to the defendant or his counsel, the subsequent denial of a copy of the PSI is not error. State v. Herrington, supra.
It is well established that a defendant must be given an opportunity to refute or explain such misinformation when the trial court relied upon PSI information which is materially false or invalid. The defendant is entitled to this opportunity even where the trial court contends that its decision was unaffected by the PSI. State v. Lockwood, 399 So.2d 190 (La. 1981).
Where there is a showing made that the PSI contains material and prejudicial false information, the sentence will be vacated and the case will be remanded for resentencing. State v. Walton, 440 So.2d *453 850 (La.App. 2d Cir.1983), writ denied, 443 So.2d 1121 (La.1984).
When a trial court fails to allow a defendant access to the report and an opportunity to rebut any adverse and materially prejudicial information, reversible error has occurred. State v. Coleman, 574 So.2d 477 (La.App. 2d Cir.1991).
The defendant complains that the PSI did not reflect that he was on probation and attending group therapy in connection with other obscenity convictions in Caddo Parish. He contends that progress reports from his supervising officer and therapist would have presented substantial mitigating circumstances for the judge to consider and that there is a good possibility that this information would have contributed to a lesser sentence. He also contends that the PSI contained inaccurate information about the defendant's prior arrests. He objects to the information regarding an arrest in Texas in 1978 for fondling of a child. According to the defendant, there is no such crime in Texas. He also claims that he was denied access to the PSI report on appeal. The defendant urges that these omissions and inaccuracies directly contributed to the maximum sentences he received. These arguments are without merit.
At the sentencing hearing, the defendant's employer, Dan Hall, addressed the court. Mr. Hall indicated that the defendant was remorseful for his actions and was actively seeking ongoing professional treatment. The court then responded regarding the defendant's criminal record, stating:
THE COURT:
... But let me tell you, I don'ton this case here, I don't see that there's anything... there's fondling of a child, indecency with a child, indecency, indecent exposure, harassment. He's got all these things. What are you shaking your head about?
MR. WOOD:
No, sir. I never fondled a child.
THE COURT:
[H]ere's what I show it on his record to make sure we are all on the same page. Back in '75 he had a violation of controlled, dangerous substance and possession of marijuana, assuming it's a misdemeanor. Fondling of a child, he was charged with that in '78. No disposition was found on that. Indecency with a child in '78. Apparently he plead guilty to that instead of the fondling. They occurred about the same time. He got five (5) years probation and violated the probation. Then in '86, indecent with a child. No disposition found. Indecent behavior, he got probation again in '87 in Lewisville, Texas.... [H]arassment in Longview. That happened in April of '96, and then in Shreveport, apparently he got three (3) years hard labor on one count and all but six (6) months suspended. He got probation another time. It's like I'm ready to try anything possible let me tell you.
* * * *
MR. JACOBS:
Your honor, I believe Mr. Wood wishes to make a statement.
* * * *
MR. WOOD:
I'm not understanding allall that's on the record but II
THE COURT:
I want you to understand every bit of it. So, tell me what you don't understand so
MR. WOOD:
III've never been a pedophile. I've never molested a child.

*454 THE COURT:
You need to look in the mirror. You are a pedophile.
MR. WOOD:
No, sir. I really am not. IIrespect if you think that. II can't blame you.
* * * *
THE COURT:
Okay. Tell me what it is you don't understand, because I want you to understand this.
MR. WOOD:
II don't know what I don't understand. All I know is that I have no sexual attraction to children whatsoever. None. Never havebut I
THE COURT:
You've had half a dozen chances to have learned a lesson. I think you're sorry you got caught, Mr. Wood. You're not sorry about what you've done, because you continue to do this over the years....
The defendant was informed by the court of the contents of the PSI and the defendant did address the validity of this information with the court. The record shows that the court was aware that the defendant was receiving professional counseling and that he claimed the arrest for fondling of a child was inaccurate. The court noted that there was no disposition for that arrest. However, even though the defendant vehemently denied any tendency toward pedophilia, he had a conviction for indecency with a child in 1978 and another arrest for indecency with a child in 1986. There is no disposition in the record for this arrest. The defendant did not object to the accuracy of this information. The record shows that, even if the defendant's PSI inaccurately reflects an arrest for fondling of a child, this was not the only basis in the record for the court's belief that the defendant's behavior in the past posed a danger to children. The defendant and his counsel were allowed access to information in the PSI report and the defendant was granted ample opportunity in the trial court to object and oppose the information contained therein. Even if the matters objected to by the defendant are excluded, the defendant's criminal history is sufficient to support the trial court's sentencing considerations and the sentence imposed.
On June 17, 1999, we denied the defendant's writ application claiming that he was improperly denied access to the PSI report on appeal. As stated above, the defendant is not entitled to a copy of the report as long as he has full access to the information contained therein. The defendant's argument on appeal shows that he is well aware of the contents of the PSI.

CONCLUSION
For the reasons stated above, we affirm the convictions and sentences of the defendant, Douglas J. Wood, for three counts of obscenity.
AFFIRMED.