# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1272

**STATE OF LOUISIANA**

**VERSUS**

**AARON STOGNER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT
PARISH OF ST. LANDRY NO. 99D4348D
HON. DONALD W. HEBERT

\*\*\*\*\*\*\*\*\*\*

## EN BANC

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, John D. Saunders, Billie Colombaro Woodard, Oswald A. Decuir, Jimmie C. Peters, Marc T. Amy, Michael G. Sullivan, Glenn B. Gremillion, Elizabeth A. Pickett, Billy H. Ezell, Arthur J. Planchard*, Judges.

**MOTION TO VIEW PROFFERED EXHIBIT #1 DENIED; MOTION TO VIEW PRESENTENCE INVESTIGATION REPORT REMANDED WITH INSTRUCTIONS.**

Cooks, J., dissents in part and assigns written reasons.

**Hon. Earl B. Taylor**
**District Attorney - 27th JDC**
**P. O. Drawer 1968**
**Opelousas, LA 70571**
**Counsel For State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P.O. Box 80006**
**Lafayette, LA 70598**
**Counsel For Aaron Stogner**

*Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore.*

**PICKETT, JUDGE.**

Presently before this court is a Motion to View Pre-Sentence Investigation Report and Proffered Exhibit #1 filed by the Defendant, Aaron Stogner, with this court on September 29, 2003. By Order signed by one judge acting on behalf of the court, defense counsel was granted permission to review the documents (the presentence investigation was to be amended to delete any confidential information). The presentence investigation report was amended and counsel was permitted to examine the documents on the afternoon of October 2, 2003.

The District Attorney sought relief in the Louisiana Supreme Court, contesting this court's Order granting the motion for inspection. Specifically, the State asserted that it was denied the opportunity to respond to the motion, that the issues should have been assigned as error in the Defendant's appellate brief instead of raised by motion, and that the Defendant should not have been permitted to view the documents without remanding the case to the trial court for its consideration of the motion.

The Louisiana Supreme Court granted the State's writ on October 13, 2003, stating:

> Writ granted. Because it appears that defendant's Motion to View Pre-Sentence Investigation Report and Proffered Exhibit #1 was granted by order of a single judge of the court of appeal, it is ordered that the action be vacated and this matter remanded to the court of appeal for consideration of the motion by a three judge panel, after providing the parties with an appropriate opportunity to brief the issue. *State v. Will*, 02-2363 (La. 9/13/02), 824 So.2d 1192; *Gootee Const. Inc. v. Amwest Sur. Ins. Co.*, 2000-2341 (La. 11/13/00), 775 So.2d 1044. Briefing on the merits of the appeal is stayed pending the court of appeal's resolution of the defendant's motion.

*State v. Stogner,* 03-2817 (La. 10/13/03), 855 So.2d 742.

On remand, this court has chosen to consider this motion *en banc.*

1

*PRE-SENTENCE INVESTIGATION REPORT*

After remand, this court gave both parties an opportunity to submit a brief addressing the motion before the court. In brief, defense counsel argues that, by permitting viewing of the documents, this court has preserved the Defendant's constitutional right to the effective assistance of counsel.

Louisiana Code of Criminal Procedure Article 877 provides:

> A. The presentence and postsentence investigation reports shall be privileged and shall not be disclosed directly or indirectly to anyone other than the sentencing court, the victim or the victim's designated family member as defined in R.S. 46:1842, the prosecutor, members of the division of probation and parole within the office of adult services, the officer in charge of the institution to which the defendant is committed, the Board of Parole, the probation or the parole officer if the defendant is placed on probation or released on parole, medical authorities directly involved in the defendant's rehabilitation or treatment if the defendant is committed to a hospital or a substance abuse program, the Board of Pardons, and the governor or his representative. However, this Article shall not require the disclosure of sources of confidential information.

> B. Before imposing sentence the court may advise the defendant or his counsel of the factual contents and conclusions of any presentence investigation report. The sources of confidential information shall not, however, be disclosed. If the defendant contests any information contained in the presentence report, the court shall provide the district attorney the same access to the report as was given to the defendant or his counsel. The district attorney may respond to the defendant's contentions concerning the information in the presentence report.

> C. The presentence investigation report, edited to protect sources of confidential information, shall be made a part of the record if the defendant seeks post-conviction relief only on the grounds of an excessive sentence imposed by the court.

Louisiana Code of Criminal Procedure Article 877 does not list counsel for defendant as a party who is entitled to *view* the presentence investigation. However, the trial court may "advise the defendant or his counsel of the factual contents and conclusions" contained in the report. Section B of Article 877 provides that, prior to the imposition of sentence, the trial court may advise counsel or the defendant of the contents of the presentence investigation report. Section C requires the inclusion of

the PSI as *part of the record* in those cases where the defendant seeks post conviction relief on the grounds of an excessive sentence imposed by the trial court; however, the presence investigation report is to be edited to delete the sources of confidential information. Therefore, the Legislature has recognized that a defendant is entitled to limited information contained in a presence investigation report under certain circumstances. We find access to information in a presence investigation report would be important in situations where the trial judge relies on the information contained in the report to impose sentence and that information is false. We also recognize that a majority of counsel that represent criminal defendants before this court were not counsel of record at the time of sentencing. Therefore, even though the judge may have made defense counsel privy to the information in the report prior to sentencing, this information may not have been passed on to appellate counsel, who has the responsibility to review the record for errors which should be raised on appeal. Failure to permit appellate counsel to be privy to the same information provided to defense counsel at sentencing could result in appellate counsel's failure to pursue sentencing issues which, if raised, are meritorious.

The fourth circuit reviewed a defendant's right of access to the information in a presence investigation report at length in *State v. Simmons*, 466 So.2d 777 (La.App. 4 Cir. 1985). The court stated:

> Article 877 of the Code of Criminal Procedure declares that the report is privileged and shall not be disclosed except to certain enumerated officials. Neither the defendant nor his attorney are among those enumerated. However, the Supreme Court has held that principles of fundamental fairness may, in some circumstances, dictate disclosure of the contents of the report to a defendant or his attorney. To require disclosure, it must be clear the Trial Judge is relying on the report to guide him in imposing a fair sentence, but we can reasonably conclude that when a Trial Judge reviews the pre-sentence report before sentencing, it plays some part in his consideration of the sentencing guidelines. *State v. Trahan*, 367 So.2d 752 (La.1978). When counsel for defendants timely move for disclosure of the report, alleging with particularity that it contains false information detrimental to the

defendant, the Trial Court errs if the contents are not disclosed and the defendant given an opportunity to contradict or explain substantially prejudicial information. *State v. Trahan*, supra.

In the instant case, counsel for defendant moved for disclosure of the report, but did not allege that it contained false information --because he knew of none. Of course, he had no way of knowing unless the contents were made known to him. And because the report is privileged save to a few, we do not know how counsel could have learned from legitimate sources that the report might have contained detrimental false information.

The Trial Judge told counsel he was not entitled to see the report. When sentencing the defendant, the Trial Judge tersely said the basis of his sentence was three of the aggravating factors listed in the Article 894.1 sentencing guidelines:

> (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;

> (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or

> (3) A lesser sentence will deprecate the seriousness of the defendant's crime.

The Judge did not say how he arrived at those conclusions, but we presume they were based on the report. If the underlying facts included in the report had been disclosed before the Trial Judge sentenced Simmons, counsel might well have been satisfied and secure in the knowledge that accurate information supports the Judge's conclusions.

But since experience shows that judges often routinely recite the aggravating circumstances of the sentencing guidelines without explaining how they reached their conclusions, the recitation is meaningless unless the underlying basis is disclosed. Hence, we hold that principles of fundamental fairness require disclosure upon request, after the Trial Judge conducts an in camera inspection of the report, excising only that information given in the expectation of confidentiality. We find support for our view in the American Bar Association Project on Minimum Standards for Criminal Justice which formulates standards to provide safeguards against the imposition of sentences based on erroneous information:

> 4.4 Presentence report; disclosure; parties.

> (a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise

4

been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.

(b) This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review.

\*　　\*　　\*　　\*　　\*　　\*

4.5 Presentence report: Time of disclosure; presentence conference.

(a) The information made available to the parties under section 4.4 should be disclosed sufficiently prior to the imposition of sentence as to afford a reasonable opportunity for verification.

(b) In cases where the presentence report has been open to inspection, each party should be required prior to the sentencing proceeding to notify the opposing party and the court of any part of the report which he intends to controvert by the production of evidence. It may then be advisable for the court and the parties to discuss the possibility of avoiding the reception of evidence by a stipulation as to the disputed part of the report. A record of the resolution of any issue at such conference should be preserved for inclusion in the record of the sentencing proceeding (section 5.7[a][iii] ).

This is not a novel idea in Louisiana. The Supreme Court in *State v. Owens*, 377 So.2d 316 (La.1979) recommended that trial judges

5

follow the procedure suggested by the American Bar Association. See also Joseph, *Criminal Law and Procedure, The Work of the Louisiana Appellate Courts for the 1978-79 Term*, 40 La.L.Rev. 635, 658 (1980).

*Id*. at 779-80.[1]

In *State v. Carrier*, 453 So.2d 1216, 1217-18 (La.App. 3 Cir. 1984), this court held that a defendant is not automatically entitled to inclusion of the presentence investigation report in the appellate record, as follows:

> In regard to the presentence investigation, defendant makes only the following argument on appeal:
>
>> "It must also be noted that it is impossible to review the mitigating circumstances in this matter because the presentence investigation has not been made part of the record."
>
> LSA-C.Cr.P. art. 877 protects the confidentiality of presentence investigation reports; however, it provides that "the court may advise the defendant or his counsel of the factual contents and conclusions of any pre-sentence investigation report." There is no requirement that the report be entered into the record for review on appeal, nor does the record show that defense counsel made any such request. In fact, there is no allegation that defendant requested that the report be made part of the record or that he be allowed access to it. Absent such a request, there is no error in not making the report a part of the record. *State v. Boone*, 364 So.2d 978 (La.1978), cert. den. 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979). Defendant also makes no claim that the report contained false information prejudicial to him which would entitle him to access. See *State v. Bindom*, 410 So.2d 749 (La.1982).

The second circuit has held that a defendant must make a timely request to review the presentence investigation report before sentencing, stating:

> The purpose of this constitutionally-required "access" is to afford the defendant and his counsel an "opportunity" to deny, rebut or explain any adverse, incorrect and prejudicial PSI or other information (even that otherwise secret to the sentencing judge himself) to which the trial court was exposed prior to imposing sentence in order to avoid an excessive sentence improperly resulting from *materially* false information. CCrP Arts. 875 and 876[.] Cases have construed "access" to mean "disclosure," "access" and "to examine."

---

[1]Although article 877 has been amended since the date of this case, it still retains similar language concerning the rights of the defendant or his counsel to view the presentence investigation report.

A trial judge is not necessarily required to allow defense counsel access to or give him a copy of defendant's PSI. Even if failure to provide defense counsel with PSI report was error, where adverse report information was provided to defense counsel and the report contains no adverse information not given to defense counsel that could logically form the basis for or be subject to challenge by a motion to traverse, the error was harmless. Where, however, a trial court fails to allow a defendant access to the report and an opportunity to rebut any adverse and materially prejudicial information, reversible error has occurred.

While a defendant is guaranteed the right to contest allegations and statements in a PSI report and additional information to which the sentencing court was exposed, defense counsel must make a timely request *prior to* sentencing for access to the PSI report and must make some showing that the report contains, or other information upon which a trial court relies in imposing sentence consists of, materially false or misleading information prejudicial to the defendant.

Thus, while sentencing procedures must meet due process requirements, those requirements are met by permitting the defendant access and an opportunity to rebut or explain prejudicial or erroneous information included in a PSI. Due process does not necessarily require a full-scale presentence evidentiary hearing.

*State v. Coleman*, 574 So.2d 477, 480-81 (La.App. 2 Cir. 1991) (citations omitted);

*see also State v. Wood,* 34,819 (La.App. 2 Cir. 8/22/01), 793 So.2d 441, *writ denied*

00-3264 (La. 8/24/01), 795 So.2d 335.

In *State v. Lanieu,* 98-1260 (La.App. 1 Cir. 4/1/99), 734 So.2d 89, *writ denied,*

99-1259 (La. 10/8/99), 750 So.2d 962, the defendant alleged that the trial court

improperly denied him access to the presentence investigation report, even though he

had requested the opportunity to review it prior to sentencing. The first circuit denied

relief on the basis that the defendant had failed to allege that the information the court

relied on in arriving at the sentence was false.

Although these cases concern a defendant's denial of the right to access to the

presentence investigation report prior to sentencing, we find the reasoning set forth

is applicable to the issue before this court.

7

We conclude that a defendant does not have the absolute right to review the presence investigation report; however, under certain circumstances he is entitled to at least know the information contained in the presence investigation report. Having so found, we must now decide who is in the best position to decide whether defense counsel should be given access to the information in the presence investigation report for appeal purposes.

Any motion submitted to this court, seeking to obtain access to the information in the presence investigation report, would appropriately be made during the preparation of appellant's brief, prior to the issues for review by this court being assigned. Louisiana Code of Criminal Procedure Article 877(C) requires that the presence investigation report, edited to delete confidential sources, be placed in the record if excessive sentence claims are raised. Errors are not assigned by counsel prior to the lodging of the appeal with this court. Therefore, the trial court's clerk's office is not in a position to determine whether the presence investigation report should accompany the appeal record. Furthermore, the record filed with this court may not provide information which would be helpful in determining whether appellate counsel should be permitted access to the information in the presence investigation report, such as whether the sentencing court advised defendant or his counsel of the contents of the presence investigation report prior to sentencing and the extent to which the sentencing court relied on the information in the report in arriving at the sentence. These are all factors which should be given consideration in ruling on a motion to view or have access to the information in the presence investigation report. Therefore, we find the sentencing court is in the best position to make the determination of what information counsel should be privy to in preparation of his appellate brief and we will remand the case for its consideration of the motion.

*PROFFERED EXHIBIT # 1*

8

The State also challenged this court's Order granting defense counsel permission to view evidence which was proffered at the Defendant's post conviction hearing wherein he sought, and was granted, an out-of-time appeal. This hearing was held on July 29, 2003. At that hearing, the Chief Public Defender, Edward Lopez, testified concerning the procedure followed in St. Landry Parish regarding habitual offender bills. Basically, he testified that the assistant district attorney who wishes to seek a multiple offender adjudication against a defendant must request permission, in writing, from the district attorney by submitting a memo explaining why a particular defendant deserved to be multiple billed. If a memorandum is prepared, the district attorney will give defense counsel an opportunity to explain why the defendant should not be multiple billed. The defense counsel also called the district attorney's representative, Donald Richard. During his testimony, defense counsel questioned whether a memorandum seeking permission to multiple bill the Defendant was filed in this case. Mr. Richard stated one was submitted and was contained in their file. Defense counsel moved to introduce the memo, the State objected and the trial judge sustained the objection. The defense proffered the evidence, indicating that it goes toward the possibility of prosecutorial misconduct based on misstatements of facts within the memo. The judge permitted the proffer, stating:

> I am going to seal this proffer from public view in that I find that it's an internal decision making process of the District Attorney's Office, and as a result, I am going to seal from public view that proffer and if the Court of Appeals wishes to do something else, that of course, is their prerogative.

On appeal and in preparation of the defense brief, appellate counsel for the Defendant asked to view this proffered evidence. The State contends that the proffered exhibit is work-product of the district attorney's office and the admissibility of this evidence should be addressed by an assignment of error. The State further contends that, by permitting the defense attorney the right to view this evidence, it

9

requires this court to resolve the question concerning the admissibility of the evidence by motion, which would be improper. We need not reach the evidentiary issue. The evidence in question was proffered at an evidentiary hearing held on the Defendant's application for post conviction relief. The sole issue raised in the application alleged ineffective assistance of counsel for counsel's failure to move for an appeal. The relief sought by the Defendant was the reinstatement of his right to appeal. Without consideration of the evidence at issue, the trial court granted the application and ordered an out-of-time appeal. The State did not seek review of the trial court's ruling. In fact, the case is currently before this court on appeal. Therefore, the proffered evidence is no longer relevant to any issue pending before the court. Accordingly, defense counsel's motion to view this evidence is denied.

**CONCLUSION**

We deny defense counsel's request to view proffered exhibit #1. As to defense counsel's motion to view the presentence investigation report, we remand this case to the sentencing court for consideration by it of that part of the motion filed by defense counsel addressing the presentence investigation report. The sentencing court should decide what information in the presentence investigation report appellate counsel should be made privy to, if any, and shall provide this information to counsel. This motion should be considered and, if granted, appellate counsel given a time and place for obtaining the information, without undue delay, but in no event not later than twenty days from the date of this opinion. Upon completion, the trial court shall cause to be lodged with this court a supplemental record which shall contain its ruling on the motion. This supplemental record should be filed with this court within five days of either the trial court's ruling on the motion or satisfaction of the trial court's ruling on the motion, whichever is later. Upon receipt of the supplemental record, briefing on the appeal will resume.

10

We recognize that in this case, defense counsel has already viewed the redacted presentence investigation report and the proffered exhibit #1. Therefore, we order counsel to limit her discussion on appeal, with regard to the information contained in the presentence investigation report, to only that information which the sentencing court permits her to review. Furthermore, counsel shall refrain from referring to any information she may have become privy to as a result of this court's prior Order granting counsel permission to view the proffered exhibit #1.

**MOTION TO VIEW PROFFERED EXHIBIT #1 DENIED; MOTION TO VIEW PRESENTENCE INVESTIGATION REPORT REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1272

STATE OF LOUISIANA

VERSUS

AARON STOGNER

**************
APPEAL FROM THE TWENTY- SEVENTH JUDICIAL DISTRICT
PARISH OF ST. LANDRY NO. 99D4348D
HON. DONALD W. HEBERT
**************

EN BANC

**************

Cooks, J. dissents in part.

The majority's position that defendant does not have the absolute right to review the presentence investigation report except under certain limited circumstances and only to a limited extent is too restrictive to protect defendant's constitutional right to due process and fairness at every stage of the criminal proceeding. There is no rational basis for the State to grant the prosecutor the right to review the presentence report at any stage of the proceedings without any restrictions and to deny the same access to the defendant. Any interest the State may have in protecting the sources of confidential information contained in the reports have been addressed in Louisiana Code of Criminal Procedure Article 877. See *State v. Simmons*, 466 So. 2d 777 (La. App. 4 Circ. 1985); *State v. Owens*, 377 So. 2d 316 (La. 1979). Why the majority has elected today to turn the criminal justice clock back in time is baffling to me, particularly considering that the Louisiana Supreme Court nearly twenty-four (24) years ago recommended that the trial judges follow the procuure suggested by the American Bar Association. The Association has long recognized that fundamental fairness requires inspection of presentence reports by defendants, except under certain

limited circumstances and even then the court should state for the record the reasons for its action which should be subject to appellate review.